## ADAMS v. HASKELL AND WOODS.

Parties appointed as assignees of an insolvent firm, in a proceeding in insolvency which was illegal and void, are merely the custodians, receivers, or bailees of the fund in their hands by virtue of the order of the Court, and only hold it subject to the direction of the Court.

Consequently, when in another proceeding for the protection of the creditors' property, instituted by one of the insolvent firm against his partners, in the same Court, an order is made that they pay over the fund to a receiver appointed by the Court, it is no answer or defence, that the fund has been attached in their hands in actions brought by the creditors, or that it had been attached in the hands of a former receiver, appointed by the same Court, from whom they, under a like order, had received it.

Nor is the disposition of the fund affected by any action of the immediate parties to the action, which was instituted to secure a distribution of the assets among the creditors— an object which a Court of Chancery will carry out, without regard to any attempt by any of the partners to evade or defeat it.

CERTIORARI to the District Court of the Fourth Judicial District.

The action in which this proceeding was had, was instituted by Alvin Adams, of the house of Adams & Co., on the 23d February, 1855, against his copartners, for a dissolution of the copartnership, and a settlement of the copartnership affairs. The complaint prayed for a receiver, and A. A. Cohen was appointed, by consent of parties, plaintiff and defendants.

An assignment, in fact, was made by all the parties, members of the firm, to A. A. Cohen as receiver.

Afterwards, and within ten days, Adams, Haskell & Woods, comprising all the parties to this suit, applied to the same Court, as bankrupts, and asked the Court to administer their estate, under the bankrupt law. The application was entertained by the Court, and the Court proceeded to administer the estate of the parties as bankrupts.

Cohen was again made assignee for the benefit of creditors—by assignment in fact.

Cohen, Roman and Jones were appointed, by election of creditors, under the statute, assignees in bankruptcy. Cohen applied to the

Court for instructions as receiver, and was directed to pay over to the assignees, and advised that his receivership terminated, by force and operation of statute, giving to the assignees charge and control of the estate.

Cohen delivered over assets, and took receipt of assignees. Cohen having paid over, presented his accounts and vouchers, and was discharged by the Court.

During the receivership of Cohen, and before the assignment in bankruptcy, attachments beyond the value of estate were served on Cohen: upon the appointment of assignees, attachments were served upon them, also more than equal to the value of assets. The receiver and assignees deposited with Messrs. Palmer, Cook & Co.; attachments were also served on them. The order discharging Cohen was set aside by the Court. Cohen being temporarily absent from the State, and having left the settlement of his accounts as receiver in the hands of counsel, was removed from the receivership, and H. M. Naglee appointed.

Naglee demanded assets from Roman, Cohen and Jones, and the demand not being complied with, an order to show cause was obtained and served on *Roman* and *Jones.* Cohen had not yet returned.

Roman and Jones *show cause* and set up: 1. Their appointment as assignees. 2. The delivery of assets to them from the receiver, under order of Court. 3. The abandonment of this proceeding by proceedings in bankruptcy. 4. The attachments as stated, and their acknowledgments of the assets in their returns to the attachments. 5. The recovery of judgment by attaching creditors, and the institution of suit by attaching judgment creditors, against these parties, to account, and for a distribution of assets. 6. An interlocutory decree in the creditors' suit, which is charged as operating a stay of all other proceedings. 7. That this suit of Alvin Adams was instituted to hinder and delay creditors, and therefore void as to creditors. 8. That the proceedings in bankruptcy being an abandonment of the copartnership suit, it could not be revived to the prejudice of creditors. 9. That the assignment of Adams, Haskell and Wood to Cohen, in fact, was good as against them, and that they cannot come in and avoid it.

*Cohen,* upon his return, being served with a copy of the rule, made his separate answer, setting up all the foregoing reasons, and in addition thereto, that the moneys, etc., he, with his co-assignees, had deposited with Palmer, Cook & Co., and the immediate custody of the other things—books, papers, etc.—he had entrusted to Edward Jones, one of said assignees; that on account of attachments, and for other causes, said Palmer, Cook & Co. and said Jones *refused to deliver said moneys or assets, and that he could not obtain their possession, or comply with such order of the Court, if made.*

Upon the coming in of these answers, showing cause against the rule, the order was made absolute, and upon a non-compliance therewith, judgment in contempt was entered up, assessing a fine of $500 on each party, and ordering their imprisonment until the order was complied with.

From this order, on the rendition thereof, Roman, Cohen and Jones took an appeal. The bond given was the statutory one for costs, but did not *operate* a stay of proceedings.

The Court below, refusing to approve a bond, or fix an amount, to afford the parties a stay of proceedings, the writ of *certiorari* was sued out.

*Lockwood, Tyler & Wallace, Robinson & Beatty, and James A. McDougall* for Petitioners and Appellants.

The Court erred in overruling the answers of petitioners, Roman and Jones, filed therein Nov. 10th, 1855, and the answers of A. A. Cohen, filed Nov. 17th, 1855, and in making the order of December 1st, 1855, directing and requiring the said petitioners to pay over to H. M. Naglee the assets therein described, and also in making the order of Dec. 5th, 1855, punishing petitioners for disobedience to the order of Dec. 1st, aforesaid, for the following reasons :

1st. The petitioners were not parties to the suit pending before the Court, and could not be proceeded against by summary process therein.

2d. The suit of Alvin Adams against Haskell & Woods being fraudulent and collusive, to hinder and delay creditors, every order of the Court in regard to their property, which was procured with that fraudulent intent, is void *ab initio*, and could not prevent creditors from attaching the same.

3d. The funds having been attached in the hands of the petitioners, they have the right to hold them for their protection.

4th. The petitioners having been called upon to purge themselves from contempt, the facts stated in their answer must be taken as true.

5th. If not taken as absolutely true, they must be so taken where not clearly contradicted by other testimony.

*Shafter & Park and Edward Stanly* for Respondents, Plaintiff and Receiver. No brief on file.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The order of the Court below in this case, requiring the receiver to pay over the funds and deliver the books and papers to Cohen, Jones and Roman, may be considered as having two objects : First, to make them custodians of the fund, and second, to authorize them to distribute the fund under a proceeding in bankruptcy, which had been commenced, and which was brought to the notice of the Court.

The proceedings in bankruptcy failed because they were illegal and void, consequently the second object of the order had no existence. The parties therefore to whom the fund was committed, were merely custodians or receivers, or bailees by virtue of the order of the Court. They received it from the Court because its possession by the receiver was the possession of the Court; they received it by order of the Court and could consequently only hold it subject to the direction of the Court; it is in their hands, and is not their property; they are surely

answerable to some one for it; it can only be to the power from whence they derived it, and whose special property it was when they obtained it.

It is no answer to this to say, that the fund has been attached by the garnishments of the creditors of Adams & Co.; it was not the subject of attachment. It was already in the hands of a receiver before any attachment issued. The receiver is the officer of the Court, and the fund in his hands is in Court, in the custody of the law, and can only be disposed of by the order and direction of the Court.

Nor, (as was contended at the bar,) is its disposition subject to be affected by any action of the immediate parties to the suit. The bill was filed for the purpose of securing the assets of the partnership, and having them distributed to the creditors. This purpose a Court of Chancery will carry out without regard to any attempt on the part of the partners to evade or defeat it. It was the duty of the Court, as soon as this bill was filed and the property was under its control, to require all the creditors of Adams & Co. to appear, within a given time, before a master to be appointed for the purpose, and have their claims audited, under such rules and regulations, as to notice, as would secure a fair hearing and a just account.

Upon the report of the master and its confirmation, the fund would then be distributed, *pro rata*, among the creditors whose claims were allowed.

Ordered, that the *certiorari* be dismissed.