Stewart, J.
On March 12, 1872 (69 Ohio L. 31), an act was passed, which, so far as it relates to this action, is found in sec. 3415, Rev. Stats., and it is claimed on behalf of the plaintiff in error that this section anthorizes their proceedings, and that therefore the Court of Common Pleas of Montgomery County had no jurisdiction to enjoin them. They also claim that sec. 5032, Rev. Stats., gave to the Court of Common Pleas of Greene County, Ohio, exclusive jurisdiction of the suit.
We think that their claim as to the purpose and effect of sec. 3415, Rev. Stats., is broader than the statute will warrant. This statute only dispenses with the necessity of obtaining leave of court to sue a receiver, in the cases to which it applies, and therefore such suits stand upon the same footing, and entitle those bringing them to the same rights and privileges, as if leave had been granted, and no more.
They are entitled to prosecute their suits to judgment, but the possession of the receiver -being considered the possession of the - court, the property in his hands is looked upon as being in custodia legis, and, on that account, it is not to be taken upon any writ of attachment or execution while in his possession. Adams v. Haskell et al., 6 Cal. 113. The owner of a judgment lien upon land in the possession of a receiver, cannot levy execution thereon, but must apply to the Court in Chancery, which will pr'otect his interests when making *492 sale or distributing the proceeds of the land. Wiswall v. Sampson, 14 Wall. 52.
In this case, Mr. Justice Nelson said, p. 66 : “ It has been argued, that a sale of the premises on execution, and purchase, occasioned no interference with the possession of the receiver, and hence no contempt'of the authority of the court, and that the sale, in such a case, should be upheld. But, conceding the proceedings did not disturb the possession of the receiver, the argument does not meet the objection. The property is a fund in court, to abide the event of the litigation, and to be applied to the payment of the judgment creditor, who has filed his bill to remove impediments in the way of his execution. If he has succeeded in establishing his right to the application of any portion of the fund, it is the duty of the court to see that such application is made. And, in order to effect this, the court must administer it independently of any rights acquired by third persons, pending the litigation. Otherwise^ the whole fund may have passed out of its hands before the final decree, and the litigation became fruitless.
“ It is true, in administering the fund, the court will take care that the rights of prior liens or encumbrances shall not be destroyed ; and will adopt the proper measures, by reference to the master or otherwise, to ascertain them, and bring them before it. Unless the court be permitted to retain the possession of the fund, thus to administer it, how can it ascertain the interest in the same to which the prosecuting judgment creditor is entitled, and apply it upon his demand? There can be no difficulty in ascertaining the prior liens and encumbrances, as all of them are matters of record.”
See also Beech on Receivers, § 718, where the same doctrine is laid down; and Noe v. Gibson, 7 Paige, Ch. 513; Robinson v. Railway, 66 Pa. St. 160. In the case of Meara's Adm’r v. Holbrook, 20 Ohio St. 137, which was a suit brought against the receiver of a railroad, after leave properly granted, Day, J., at page 143, in speaking of the rights and liabilities of a receiver, says: “ Whatever he acquires by suit belongs to him officially, and satisfaction of judgments against him can be obtained only from the fund in his hands as receiver as directed by the court appointing *493 Mm.” To the same effect is the case of Commonwealth v. Runk, 26 Pa. St. 235.
John Little and Chas. H. Kyle, for plaintiff.
Gottschall & Brown, for receiver.
The statute having dispensed with the necessity for obtaining leave of court to sue the receiver of a railroad, it does not follow, nor is it consonant with reason or authority, that the suit having been prosecuted to judgment the judgment creditor should be permitted to interfere with the possession of the receiver without leave of the. court. If he could do so, the natural result would be that the property would be taken piece-meal from the custody of the receiver, and the object for which he was appointed would be entirely defeated.
But it is claimed that the property described herein, having never been actually in the possession of or used by the railroad company, but in the possession of G. & C., under a lease which does not expire until 1891, it is not necessary to and cannot be used by the receiver for the purpose of operating the railroad.
Granting that this is so, it does not seem to us to settle the question here presented. It is admitted that the legal title is in the railroad company; the order appointing the receiver is broad enough to cover this property.
The authorities are clear that if the creditor has good reason to believe that the land should not have gone into the hands of the receiver, it is his duty to apply to the court appointing the receiver for an order discharging it from his custody, so that he may enforce his claim against it. Beach on Receivers, § 713; Robinson v. R. R. Co., 66 Pa. St. 160.
As, therefore, the order of the court below only stayed the sale of the premises, it will be affirmed.