## CLOUD v. EL DORADO COUNTY.

Where a judgment was rendered by confession in open Court upon an allegation of indebtedness and appearance of the parties, whatever errors intervened, they cannot, at the instance of one, not a party to the judgment, be invoked to set aside or show the judgment a nullity.

Where a Court has jurisdiction both of the parties and the subject matter, the manner of exercising that jurisdiction cannot make void the action of the Court.

The title of a purchaser of real estate, at Sheriff's sale, does not depend upon the return of the officer to the writ. The purchaser has no control over the conduct of the officer in this respect.

The purchaser rests for title upon the judgment, execution, levy, sale and deed; and he need show no more to entitle him to whatever rights the defendant in execution had in the property sold.

Where a Sheriff's deed is executed by a Deputy, in the name of the Sheriff, whose term of office had expired at the time of the execution of the deed, the authority of the Deputy must be shown to authorize such deed to be read in evidence in an action of ejectment.

APPEAL from the Eleventh District, County of El Dorado.

The facts, as disclosed by the opinion of the Court, are as follows:

This was an ejectment for a lot in the town of Coloma. The facts are, that L. W. Hastings and Peter Wimmer, on the sixth of July, 1850, confessed judgment in the District Court for Sacramento county for more than $9,000. The judgment was rendered in open Court. On the twenty-ninth of August, 1850, an execution of *fi. fa.* issued, directed to the Sheriff of El Dorado county, returnable in forty-two days from date; which writ came to the hands of the Sheriff on the thirty-first of August, 1850, on which he indorsed the following return,

viz. : " 31st August, 1850, levied on Wimmer's house, advertised to be sold, October 7th, 1850 ; also the log house occupied by Mrs. Brown, on the Hangtown road.  W. Rogers, Sheriff, by L. H. Mc-Kenney, Dept. ; came to hand on the 19th day of September, 1850 ; on the 20th day of September I levied the within described property, the new house situated in the town of Coloma, on Main street, opposite the dwelling that Peter L. Wimmer lives in, to be sold on the 14th day of October, 1850.  The within sale postponed until the 24th day of October, 1850.  Wm. Rogers, Sheriff, by A. J. Moore, Dept." It does not appear by the evidence where Wimmer resided at the time of the levy, or had his dwelling-house.  A Sheriff's deed, dated on the twenty-fourth day of October, 1850, purporting to be executed by Wm. Rogers, by Samuel Todd, Dept., was offered, but the signature not being proven, and the acknowledgment being defective, the same was ruled out.  The plaintiff offered and read in evidence a deed in confirmation, dated the sixteenth day of May, A. D. 1857, executed by Wm. Rogers, late Sheriff of El Dorado county, by Samuel Todd, his Deputy, which, after referring to the judgment, execution, etc., in the case of Henley *et al. v.* Wimmer *et al.* contains the following recital, viz. : " I, the said Sheriff, did, by virtue of and in obedience to said execution, levy upon, take and seize all the estate, right, title and interest of the said Wimmer of, in and to the lands, tenements, real estate and premises hereinafter particularly described and set forth, together with the appurtenances."  The deed then sets out and particularly describes the premises in dispute, and conveys the same to the plaintiff hereto as the purchaser at the sale.

In 1849 Wimmer was in possession of the lot in the deed mentioned, and so continued until the early part of the year 1850, and during this period erected thereon a frame building.   One S. S. Brooks was next in part possession of said house until about the month of July, 1851, at which time the County of El Dorado took possession of said building, to be used as a Court House and for County Offices, and has since occupied the same for said purposes until April, 1857 ; the rents of the building during the occupancy of the county are found.

The cause was tried without a jury, and judgment rendered for the defendant, from which plaintiff appealed to this Court.

*Sanderson & Hewes* for Appellant.

As the property was Wimmer's at the time of our purchase, we will consider the judicial proceedings against him to ascertain whether we have acquired Wimmer's title.

1st. The judgment against him was one by confession rendered in strict compliance with the Practice Act of 1850 ; the Act which was in force at the time, and which continued in force long after our purchase of the property.  Stat. of 1850, page 454, sec. 293.  No irregularities in those proceedings are pointed out by defendant, nor are there any apparent from the record.  But if there were irregularities, they could not prejudice this plaintiff.  Smith *v.* Randall, 6 Cal. 47 ; Lowe *v.* Adams, 6 Cal. 277 ; 4 Wend. 462, 474 and 585 ; Allen *v.* Portland Stage Co., 8 Maine, 166 ; Jackson *ex dem.* Saunders *v.* Cauldwell, 1 Cowen, 622 ; Cox *v.* Nelson, 1 Munroe, 94 ; Webber *et al. v.* Cox, 6 Munroe, 111 ; Parker *v.* Anderson, 5 Munroe, 453 ; Richards *v.* McMillen, 6 Cal. 419 ; Welch *v.* Sullivan, 8 Cal. 165.

2d. The execution.  It is not insisted that this writ is in any respect defective.

3d. The return.  We contend that no return of levy whatever was necessary to give validity to our purchase.

The Act of 1850, sec. 8, is as follows :  " The Sheriff shall return every execution at the time therein directed, endorsing on it a certificate of his acts done under authority of the writ."

The present Act has no such or similar provision; if it had, there might be a question as to whether it would be necessary in cases of this kind for the plaintiff to show in evidence a return.  The law in force at the time of the trial must govern the introduction of evidence ; and if there be no law requiring the Sheriff to certify his acts upon the execution, it is unnecessary to show one.

But even under the law of 1850 this was not necessary.  The statute is directory, and a failure of a ministerial officer to make a return cannot defeat the title of the purchaser, especially where he is not a a party to the judgment.  This has been decided in several States where the law required the Sheriff to make a return.  Jackson *ex dem.* Ten Eyck *v.* Walker *et al.*, 4 Wend. 462.

Cloud *v.* El Dorado County.

" The purchasers depend upon the judgment, the levy, and the deeds ; all other questions are between the parties to the judgment and the Marshal.    Whether the Marshal sell before or after the return, whether he makes a correct return, or any return at all, to the writ, is immaterial to the purchaser, provided the writ was duly issued and the levy made before the return."    Wheaton *v.* Sexton, 4 Wheat. Rep. 503, 506 ;  Lessee of State *v.* Macalister, 9 Ohio, 19 ;  Gwynne on Sheriffs, p. 336.    In Tennessee, it is held that the purchaser's title cannot be made to depend upon the officer's return.    Mitchell *v.* Lipse, 8 George, 179.    The return, however, may be used as a link in claim of title.    Nichol *v.* Ridley, 5 Yerg. 65 ;  Smith *v.* Randall, 6 Cal. 47.

In Massachusetts, Connecticut and Maine, decisions can be found that the officer's return must be shown, and cannot be aided or changed by parol.

But it will also be found, that in all those cases the purchasers derived title under a *Statute extent,* or *elegit,* or title of record.

When the rule prevails that everything essential to the title must appear on record.    Metcalf *v.* Gillett, 5 Conn. 400 ;  Sullivan *v.* McKean, 1 New Hamp. 372 ;  Ladd *v.* Blunt, 4 Mass. 402 ;  Emerson *v.* Powle, 5 Maine, 197.

At common law, the officer need make no return on final process. Cheasley *v.* Barnes, 10 East. 291 ;  Beals *v.* Guernsey, 8 John. 52. Our present statute does not change this rule, for it does not require any return upon final process.    The Act of 1850 is merely directory, and the omission of the officer to endorse his acts upon the execution cannot, as we have before endeavored to show, prejudice the purchaser.

The only objection to the deed of May 16th, 1857, seems to be, that it was executed long after the officer went out of office.

The doctrine is too well settled to be now controverted, that an officer may, after the expiration of his term of office, do any act necessary to complete his duty in regard to his unfinished official business. Adams *v.* Robinson, 1 Pick. 461 ;  Welsh *v.* Joy, 13 Pick. 477 ;  Wells *v.* Battelle, 11 Mass. 476 ;  Thatcher *v.* Miller, 11 Mass. 413 ;  Jackson *v.* Collins, 3 Cowen, 89 ;  People *v.* Baker, 20 Wend. 602 ;  Tuttle *v.* Jackson, 6 Wend. 224.

A Deputy may execute a deed for property sold under execution. 3 Cal. 266 ; 10 John. 223 ; 18 John. 7.

Section 209, p. 447 of the Act of 1850, does not conflict with this rule. That section has reference merely to the executions in the Sheriff's office unreturned, and not to the execution of deeds in cases where the whole business of the execution has been accomplished.

*William H. Brumfield* for Respondent.

1st. The transcript in Hastings *et al. v.* Wimmer *et al.* This shows that a judgment by confession was rendered in that case on the sixth day of July, 1850, and upon this judgment the execution upon which the sale was had was issued.

At this time we had no statute on the subject of confession of judgments ; no suit was pending before the Court who rendered the judgment, nor was any proceeding pending or instituted according to any mode known to our statute. Statute of 1850, 428, secs. 1 and 22 ; Hoover *v.* Hanna, 3 Blackford, 48 ; Dewhurst *v.* Coulthard, 3 Dall. 409.

2d. The second or confirmatory deed. This deed is dated in May, 1857. If its contents were admissible in evidence, it could have no effect as a deed, for the Deputy executing it had no power to do so at the time he did—after the expiration of the term of office of his principal. The power of completing the execution of the writ is given to the *successor* of the Sheriff. Statutes of 1850, 447, sec. 209. And if the principal had no power to act in such case after the expiration of his term, the deputy had none, of course. But it may be said that this statute does not change the common law, and notwithstanding the successor *may complete the service* of the *fi. fa.*, still this statute does not prevent the *old Sheriff* or his Deputies from doing whatever is yet undone under it at the time of the change of officers, provided the proceeding had been commenced before the change. Neither the deeds or the return show that the statute had been complied with. Welch *v.* Joy, 13 Pick. 477.

As to the powers of the Deputy after the expiration of the term of his principal. Billingall *v.* Duncan *et al.*, 3 Gillman, 477 ; Tuttle *v.*

Jackson, &c., 3 Wendell, 213—224; Elkin *et al. v.* The People, 3 Scam. 208, 551; Jackson *v.* Collins, 3 Cowen, 89.

This whole proceeding has been against one principle established by the authorities—that the officer who *begins* the *execution* of the writ must do *all* that is to be done under it.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

Upon the statement in this case several questions arise :

1. It is argued that the judgment confessed by Wimmer *et al.* in the suit of Henley & Co. against him and others is void.    We think not.    The judgment having been rendered in open Court upon an allegation of indebtedness, and an appearance by the parties, whatever errors intervened, they cannot, at the instance of any one not a party to the judgment, be invoked to set aside or show the judgment a nullity.    The Court had jurisdiction both of the parties and the subject matter, and no manner of exercising that jurisdiction makes void the action of the Court.    We are not satisfied that under the statute of 1850 (p. 454, sec. 293) there was any substantial error in the proceedings connected with and including the judgment confessed; but it is wholly immaterial whether there were or not, or how many, or how gross, the jurisdiction having attached, the judgment could not be collaterally attacked by a stranger.    Smith *v.* Randall; Lowe *v.* Adams, in this Court; Saunders *v.* Caldwell, 1 Cowan, 622.

2. The next objection by the defendant below is, that there was no return by the Sheriff on this execution of his proceedings under it after the levy.    But it has been often held that this is not indispensable. While it is undoubtedly the duty of the Sheriff to make this return, and while it is important as evidence of a permanent and authentic character that he should do so, the title of the purchase does not depend upon his performance of this duty.    The purchaser has no control over the conduct of the officer in this respect; nor is it just or reasonable that he should be responsible for the remissness or negligence of the Sheriff in the discharge of such an office.    The purchaser rests for title upon the judgment, execution, levy, sale and deed ; and he need show no more to entitle him to whatever rights the defendant

in execution had in the property sold.   The authorities are uniform, we believe, on this subject.   See Ten Eyck *v.* Walker, 4 Wend. 462, and cases.

3. One point taken, however, is fatal to the plaintiff's recovery. The deed purporting to be executed in 1857, long after the expiration of the Sheriff's term of office, is signed and acknowledged by one Todd, as Deputy of the Sheriff Rogers.   But it nowhere appears that he had any authority to execute the deed in the name of the Sheriff, or that he was ever the Deputy of the Sheriff, or ever had anything to do with the levy or sale.   No authority is adduced to show that a man, merely by his own act, professing to be the Deputy Sheriff of another —that other out of office—can, by signing and acknowledging a deed in the name of the old Sheriff, give effect to such deed as a conveyance of land sold, or pretended to be sold, under execution, during his principal's term.   There is no evidence, except this deed, that this land ever was sold under execution ; and the proceedings, so far as they go, seem to have been conducted by a different Deputy from Todd. If the old Sheriff could, under these circumstances, have given a deed which would have been *prima facie* evidence of the facts it recited— a point we do not decide—certainly a person professing merely to be or to have once been his Deputy, has no such power under the facts disclosed in the record.   If Todd had any authority, either by virtue of his office, or otherwise, to execute a deed in the name of Rogers, the authority ought to have been produced.

Judgment is affirmed.