Hackett *v.* Manlove.

---

## HACKETT *v.* MANLOVE.

A MORTGAGE of chattels, the possession remaining in the mortgagor, is good against all persons, except subsequent purchasers, and *bona fide* creditors.

The title vests in the mortgagee, subject to be divested on compliance with the conditions.

H. has a mortgage on chattels, executed by M. in whose possession, by the terms of the mortgage, they were to remain. Upon default in paying interest or principal, the mortgagor was to surrender possession. H. attaches M. for interest due, and for other debts, and levies on the chattels in M.'s hands. The Constable agrees with H. to hold the property for him, both on the attachment and the mortgage, and M. consents. H. exercises some control over the property. The defendant, as Sheriff, now levies on the property, at the suit of *R.* v. *M.* takes possession from the Constable, and pays the attachment of H. H. sues the Sheriff in replevin, and offers, on the trial, to prove that the attachment and judgment in *R.* v. *M.* are false, fraudulent, and collusive. *Held*, that the Court below erred in rejecting the evidence; that, on default of paying interest, it was M.'s duty to give up possession; that his assent to the possession by H. after the Constable's levy, etc. was sufficient to entitle H. to the property, subject only to his own attachment.

Upon the discharge of the attachment by the Sheriff, H. had the title, with the right of immediate possession. And, though the Sheriff might, if he represented a *bona fide* creditor, seize the property, for want of unequivocal change of possession, M. himself, by fraudulent collusion with R. with or without process, directly or indirectly, could not; nor could a fraudulent pretended creditor.

In such case, to prove R. to be a collusive creditor, is not collaterally impeaching a judgment. It is merely assailing the judgment for fraud, which may always be done in cases like this.

A Sheriff, in such case, has no better rights than the creditor he represents—and the creditor is not one of the two classes in whose favor a mortgage, unaccompanied by possession, is void, to wit: *bona fide* creditors, or subsequent purchasers.

APPEAL from the Sixth District.

Suit to recover certain goods wrongfully detained by defendant, as Sheriff. For facts see opinion. Plaintiff appeals.

*Bowie & Griffith*, and *Robinson, Beatty, & Heacock*, for Appellant.

Hackett *v.* Manlove.

Plaintiff should have been allowed to prove that the debt of *Rogers* v. *Meshaw*, was fictitious, and that the confession of judgment was fraudulent.

We are aware of the general rule, that you cannot attack a judgment collaterally. But this rule only applies to parties and privies. A stranger to a judgment can always attack it on the ground of fraud, where it is attempted to be used against him for any purpose. (2 Cowen & Hill's Notes to Phillip's Ev. 854, 855; 2 Watts, 183, 354, 355.)

In this case there having been a breach of the mortgage, by reason of the nonpayment of interest, Hackett had a right to take possession of the goods if he could without a trespass. He also had a right to replevy them from Meshaw, or any one holding them from Meshaw. So, too, he had a right to replevy them from a mere stranger, or trespasser, who took possession of them. On the 27th of May, the Sheriff took possession of the goods under an attachment for Rogers. Now, admitting for this part of the argument, that the goods were subject to the attachment, still, before he could justify under his attachment, he must not only show an attachment regularly issued, but also the existence of a debt. (*Thornburgh* v. *Hand*, 7 Cal. 554; *Damon* v. *Bryant*, 2 Pick. 411.)

Another point which we make is: That if a mortgage be made by A to B, of personalty, and B do not take immediate possession, but leaves the goods in the hands of A until a breach of the condition, and after such breach takes possession before any other lien has accrued, the mortgage is good from the time of such possession, against all the world; or, at least, it would be good against those who neither had a lien, nor were ever creditors. Under the English decisions, and under the decisions of most of the State Courts of this Union, a broad distinction has been taken between absolute sales and mortgages. The former are declared fraudulent and void, unless accompanied by an *immediate* delivery. In the latter class of cases, the possession of the mortgagor not being inconsistent with the terms of the contract, or deed, is not generally considered fraudulent, though some of the State Courts have so considered them. (Sec. 17 of our Statute of Frauds; *Chenery* v. *Palmer*, 6 Cal. 119.)

The next question is, did Hackett have possession of the

goods at any time between the 25th, when he sued out his attachment and had the goods levied on, and the 27th, when the Sheriff attached them?

The Constable after levying on the goods, distinctly promised to hold them for Hackett under his mortgage. There was a breach of the conditions of the mortgage—six months' interest was due and unpaid, as is shown by the exhibition of the note without credits thereon. Hackett had a right to the possession of the goods, if he could get them. The Constable was the legal custodian of the goods; he was a sort of a bailee, both for the defendant and the plaintiff. If he promised to hold them for the mortgagee—the mortgagee, from the time of such promise, had at least, constructive possession. (Smith's Leading Cases, 41, Vol. 1; *Montgomery & Berry* v. *Hunt*, 5 Cal. 366—369.)

But, certainly, if the mere undertaking of the Constable to hold them for Hackett did not constitute a change of possession, the consent of Meshaw, connected with the undertaking of the Constable, made the change of possession complete. (*Carter* v. *Willard*, 19 Pick. 8, 9, and the authorities there cited.)

*Latham & Sunderland*, for Respondent, argued : that the mortgage of plaintiff was invalid as against Rogers, citing : Stat. of Frauds, 17th Section ; *Meyer* v. *Gorham*, 5 Cal. 322; *Chenery* v. *Palmer*, 6 Id. 119; *Whiting* v. *Stark*, 8 Id. 514; *Stewart* v. *Scannell*, Id. 80; *Vance* v. *Boynton*, Id. 554; *Bacon* v. *Scannell*, 9 Id. 271; *Fitzgerald & Brown* v. *Gorham*, 4 Id. 289. And that the judgment in *Rogers* v. *Meshaw*, could not be attacked collaterally, neither Rogers or Meshaw being parties to this suit.

Either Hackett was entitled to the goods under his mortgage, or he was not, and it did not make a particle of difference in deciding this point whether Rogers' judgment was fraudulent or not.

If Hackett wished to set aside the judgment, he should have proceeded in equity for that purpose; and the Court will not permit his judgment to be assailed in this collateral proceeding. (*Seely* v. *Reid*, 3 Iowa, 371 ; *Harrison* v. *Vender*, Bushbee's Law, N. C. 78; *Harrison* v. *Simmons*, Id.; *Sutes* v. *Alpaugh*, 3 Zabr. 165; *Ranoul* v. *Griffie*, 3 Mo. 54; *Cox* v. *Thomas*, 9 Gratt. Va. 323 ; *Cole* v. *Conolly*, 16 Ala. 271; *McCartney* v. *Marsh*, 1 Sel. 363; *Lightsey* v. *Harris*, 20 Ala. 668; *Grier* v. *McLendan*, 7 Geo. 362;

*Mobley* v. *Mobley*, 9 Id. 247; *Wiley* v. *Kelsey*, Id. 117; *Witt* v. *Russey*, 10 Humph. 208; *Vonder* v. *Moseley*, 2 Fla. 207; *White* v. *Albertson*, 3 Dev. 241; *Williams* v. *Woodhouse*, 3 Id. 267; *Perryman* v. *The State*, 8 Miss. 208; *Obert* v. *Hammel*, 3 Harr. 73; *Bannister* v. *Higgins*, 3 Shep. 73.)

BALDWIN J. delivered the opinion of the Court—COPE, J. concurring.

Plaintiff had a mortgage on chattels, executed to him by one Meshaw. The property, by the terms of the mortgage, was suffered to remain in the possession of the mortgagor, and, while in this condition, the plaintiff sued out an attachment, (for some two hundred dollars,) which the Constable levied on the property, but without removing it. While it was in charge of this officer, the plaintiff asked the Constable to hold the goods for him, as well for the purposes of the mortgage as of the attachment. This the Constable agreed to do. Under these circumstances, the defendant, Sheriff of Sacramento County, by virtue of process issued to him at the suit of *Rogers* v. *Meshaw*, levied upon, and took possession of, the property in the hands of the Constable—discharging the lien of the attachment. The property is worth one thousand dollars. The Court held, that upon these facts, the plaintiff could not recover, and nonsuited him.

The Appellants, however, say that the statement of the Judge does not correctly represent the case they presented below.

The plaintiff offered to show on the trial, that the account, on which Rogers' attachment was based, was false and fraudulent, and the judgment, afterwards taken by default, fraudulent and collusive. But the Court refused to admit this proof. The mortgage of Hackett provides that if Meshaw shall pay the promissory note, (for one thousand dollars,) and the accruing interest, (at the rate of two per cent. a month, payable monthly,) and, in the meantime, well and truly hold the goods, and account for the proceeds thereof, and surrender the same to the said Hackett, *upon any default of the payment of the interest* or the principal of the note, as the same shall accrue, then *this act of sale*, which is intended as a mortgage, to be null and void—otherwise to remain in full force.

There was evidence tending to show, that, after the levy made

by the Constable, Meshaw agreed with Hackett to let him have the goods, or the possession of them, and that Hackett was about the store exercising some acts of control over the property; also, that the Constable, at Hackett's instance, agreed to hold the goods for Hackett, under the mortgage. The Constable put in a keeper, who was apprised of this agreement. This was before the levy by the Sheriff.

The Respondent argues that this mortgage is fraudulent, inasmuch as possession was not delivered. Conceding this, the question arises as to the relative rights of these parties. The mortgage was not absolutely void; it was only voidable at the instance of subsequent purchasers and *bona fide* creditors. But between the parties, the mortgage is good. It vests, as we consider—being a conveyance of chattels—the legal title to the property in the mortgagee, subject to be divested on a compliance with the conditions prescribed in the act. Upon default, the title vested. There *was* default in the payment of the interest, and the Constable's attachment was sued out in part for that interest. Concede that, in order to maintain trespass against the Sheriff, there must be, not only property in the plaintiff, but possession, or an immediate right to the possession; and concede, further, that the breach of the contract did not give this immediate right—still, it became the duty of Meshaw, on default of paying the interest, to give up the possession; and his assent to the taking of possession, and the taking of possession, so far as possession was, under the circumstances, susceptible of being so taken—was enough to entitle the plaintiff, at once, to the property, subject only to his own attachment lien.

Immediately on the discharge of the attachment, the property in the possession of the Constable, under these circumstances, was, in legal contemplation, as against a mere trespasser, in the possession of the plaintiff, who might sue such trespasser for an invasion of it. He had the title with the right of immediate possession, if not, indeed, the actual possession. This being the case, though the Sheriff might, if he represented a *bona fide* creditor, seize the property—for want of an open transfer and unequivocal change of possession—Meshaw himself, by fraudulent collusion with another, either with or without process, either directly or indirectly, could not; nor could a fraudulent pre-

7

Hackett *v.* Manlove.

tended creditor do it. He stands in no better condition than Meshaw himself. We do not understand this effort to prove that Rogers was a mere collusive creditor as collaterally impeaching a judgment, within the meaning of the familiar rule on this subject. It is merely assailing the judgment or process for fraud, which may always be done by one not a party to it in cases like this. In other words, the plaintiff says: "I had possession of, and property in, certain goods; this gave me the right to them against the whole world, except only a *bona fide* creditor, or purchaser. You have seized them by process, as a creditor. I propose to show that neither you nor the person whom you represent are such a creditor; and, therefore, my title is perfect as against you." To illustrate: suppose while the goods were in the possession, such as it was of the plaintiff, Meshaw had made a fraudulent bill of sale of them to Rogers—could Rogers sue—or, if he got possession, could he defend against plaintiff's mortgage after condition broken? We suppose not.

What is the difference between a fraudulent conveyance made by contract and one made through process—passing the title by Sheriff's sale? The answer, however, to the whole argument is, that this mortgage and the breach of the condition, especially with the agreement for possession, and acts under it are good, whether fraudulent in law as to two classes of persons or not, as against all the world, except those classes; and that this attaching creditor, under the assumed hypothesis of fact, does not belong to either of these classes, and the Sheriff, who merely represents him, has no better rights.

As the Court did not permit the plaintiff to make out his case, as he offered to do, we must assume, for the argument, that he could have maintained it, if permitted; and, therefore, reverse the judgment, that the case may be retried upon the principles of this opinion.

Ordered accordingly.