[S. F. No. 6708.   Department Two.—December 9, 1915.]

## NELLIE W. HALL et al., Respondents, v. SAMUEL A. BRITTAIN, Appellant.

CONTINGENT REMAINDER—LIFE ESTATE—DEED BY LIFE TENANT TO REMAINDERMEN IN BEING—DEFEAT OF FUTURE INTEREST OF UNBORN CHILDREN.—Where a decree of distribution distributes a life estate in land, with remainder over in fee to the children of the life tenant, subject to the express provision that if the life tenant made a deed of the land, her life estate should immediately cease and title to the property should vest absolutely in fee in her children then living, a conveyance by the life tenant of her life estate to her children, has the effect to destroy whatever future interest or contingent remainder existed in favor of unborn children.

PARTITION—PREMATURE ACTION—COLLATERAL ATTACK ON DECREE.—A decree of partition cannot be collaterally attacked on the ground that, by the terms of a decree of distribution under which the parties acquired title to the land, the action for its partition was prematurely brought.

APPEAL from a judgment of the Superior Court of Sonoma County.   Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

H. W. A. Weske, for Appellant.

J. A. Barham, for Respondents.

HENSHAW, J.—This action was brought by plaintiffs, seeking the specific performance of a contract for the sale and purchase of five acres of their land, the defendant and appellant Brittain being the purchaser.   No question arises as to the fairness of the contract itself, and defendant resisted the action solely upon the ground that plaintiffs could not perform their contract by conveying to him a good and perfect record title.   From the decree awarding specific performance he appeals, presenting for consideration the single question of the nature and character of respondents' title.

Herein it is made to appear that W. S. M. Wright, dying testate, made devise of a tract of land known as the Hudspeth tract, five acres of which tract is the land over the title to which this controversy has arisen.   By his will he devised

one undivided half of the Hudspeth tract to his wife and the remaining moiety he devised to his son Sampson and to his daughter Mahala Hall, "in equal shares for and during their natural lives respectively, with the remainder over in fee simple absolute to their children." He further expressed his will, desire, and intent that neither Sampson nor Mahala should at any time "sell or encumber his or her said life estate in any of said lands by deed, mortgage, lien or any other kind or character of encumbrance, or by judgment or execution sale, and in the event either of them shall create or attempt to create upon his or her interest in any of said lands, any lien, encumbrance or estate therein in another, except for taxes or liabilities of a public character, directly or indirectly, then his or her estate in such lands shall at once cease and be ended, and such lands shall become at once absolutely the property in fee of the children of such one respectively, share and share alike." The decree of distribution in the matter of this estate construed the will as devising a life estate in an undivided one-fourth of the property to Sampson and his children, born and unborn, and another undivided one-fourth to Mahala and her children, born and unborn. In each case the children living are named. The decree also embodied in precise words the provisions of the will, providing for a forfeiture of the life estate if either of his children should attempt to sell or encumber any of the land, declaring that in such event "such lands shall become at once absolutely the property in fee, share and share alike, of the children of such one." After this decree had become final the widow brought her action in partition against her children and their children, asking for an allotment to her of her one-half of the tract. The answers of Sampson and Mahala set forth their ownership of a life estate each to an undivided one-fourth of the property and the ownership of their named children respectively to the remainders in fee. The interlocutory decree adjudged a life estate to Sampson and Mahala each to one-fourth of the property, and decreed ownership in the named children of each to the remainder in fee. Referees were appointed, partition was made, and thereafter the court entered its final decree, partitioning the lands as directed by the interlocutory decree and the report of the referees. Subsequently Mahala, by bargain and sale deed, reciting a valuable consideration, which deed was duly

acknowledged and recorded, conveyed to all of her children her life estate. Thereupon all of the children joined in another action against Sampson Wright and his children to partition their undivided half interest then held in common with the Wrights. The defendants answered, the interlocutory decree was made, referees were appointed, the partition made allotting to the plaintiffs—the children of Mahala Olive Hall, as tenants in common—a divided and segregated half of the property. At the time of the commencement of this latter action in partition all of the children of Mahala were over the age of twenty-one years, and she herself was over the age of fifty years. The judgment has become final. The plaintiffs in the last partition suit above mentioned are the plaintiffs in this action. Their title to the five acres contracted to be conveyed to the defendant is the title thus deraigned and acquired.

Appellant, against the soundness of respondents' title, contends that by the decree of distribution the children were treated as a class, with a present right to future possession, a remainder in fee to the living children, subject to enlargement and to the letting in of after-born children; furthermore, that there was a valid future interest or contingent remainder in favor of the surviving grandchildren of Mrs. Hall, whose parents might die before Mrs. Hall, and that none of these interests could be impaired or destroyed by the act of Mrs. Hall in conveying her life estate. Sections 741 and 742 of the Civil Code are here relied upon. But they have no applicability to the facts in this case. By the terms of the decree Mrs. Hall was not forbidden to make the deed which she did make. Express provision was made in contemplation of the event that she did make such a deed, and that express provision was that her life estate should cease immediately and title to the property should vest absolutely in fee in the children then living. It is the precise act contemplated by section 740 of the Civil Code that "a future interest may be defeated in any manner or by any act or means which the party creating such interest provided for or authorized in the creation thereof." By the very terms of the decree, whatever future interest or contingent remainder existed in favor of unborn children was immediately destroyed. This conclusion, which we think to be inevitable,

renders unnecessary the consideration of many of the phases of the question which the litigants argue.

Appellant's last proposition, however, is that, conceding all else, it must be held that the action in partition by the children of Mahala Hall against Sampson Wright and his children was premature and unauthorized, because while all of Mahala Hall's children had attained majority, two of Sampson Wright's children were still minors. But the decree of distribution declares that the land shall not be partitioned until the youngest child of Sampson Wright or Mahala Hall shall have reached its majority. It would appear natural that if this disjunctive language meant an expression of the testator's wish that no action in partition should be brought by anybody until the youngest child of both his children had attained majority, more apt language would have been employed to express the idea. As it reads, it would seem to imply that the action should not be brought by either the Wright family or the Hall family until the youngest child of the family bringing the action had attained majority. But be this as it may, the court in partition was not deprived of jurisdiction over parties and subject matter by this provision in the decree of distribution. It will be assumed in support of its judgment that it had this decree before it and put its own construction upon it, and whether that construction be right or wrong, it is not subject upon this point in this action to successful collateral attack.

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.