[Civ. No. 3678.  First Appellate District, Division One.—February 28, 1921.]

## CORA M. HICKEY, Appellant, v. MATTHEW ALGIE, Respondent.

[1] APPEARANCE—JUDGMENT — RECITAL. — The recital in a judgment that the defendant "appeared generally, and having failed to demur or answer to plaintiff's complaint, the legal time for answering having expired, and no answer or demurrer having been filed, the default of the defendant was duly entered according to law," is conclusive as to the general appearance of the defendant, in the absence of anything in the record contradicting such recital.

[2] QUIETING TITLE—CLOUD OF JUDGMENT—INSUFFICIENT GROUND OF RELIEF.—The plaintiff in an action to quiet title to remove the cloud of a judgment rendered against her in an action on a promissory note is not entitled to recover, where the statute of limitations has run against the original obligation, and the ground for relief is merely some irregularity or defect in service of process in the action on the note without any showing of a defense on the merits.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Crawford for Appellant.

E. A. Lane for Respondent.

WASTE, P. J.—Plaintiff brought this suit to quiet title to four lots of land in a designated tract in the city of Inglewood. The defendant had judgment and plaintiff has appealed. The particular object of the suit is to remove a cloud of an alleged "pretended judgment" against the appellant, obtained by the respondent in a previous action in the same court entitled *Algie* v. *Buck* (the former name of the present plaintiff), and which judgment was docketed in the superior court of Los Angeles County, wherein the real estate is located.

It is alleged in the complaint "that said pretended judgment was obtained by a representation made to the court that the defendant therein had appeared in the action, when in fact the defendant therein had not appeared, nor had an attorney appeared for her, nor had she been served with the summons therein, and the said judgment was obtained without any knowledge thereof on the part of the plaintiff herein." The trial court found that defendant, plaintiff and appellant here, did, as a matter of fact, appear generally in the former action, and that by reason of said judgment this respondent has a lien upon three of the plaintiff's lots. Appellant contends that this finding is not supported by the evidence and has appealed from the judgment.

[1] It is the claim of the appellant that there is nothing in the record of the former case from which it can be said that the court had jurisdiction of her person in that action, thereby enabling it to render judgment against her. There is no merit in the contention. The evidence is brought here in a bill of exceptions which includes, among other matters, the papers constituting the judgment-roll in the action of *Algie* v. *Buck*. At the time of the filing of the complaint and issuance of summons in that action an attachment was issued and levied upon real property which Cora M. Buck, defendant in the action, claimed as a homestead. She duly gave and served notice by her attorney that she would, at a time designated, move the superior court for an order setting aside the levy of the writ of attachment and dissolving the same, upon the ground that the levy was made on exempt property. At the hearing of the motion she appeared in court by her attorney, and in support of her contentions offered in evidence a declaration of homestead. The court held the declaration insufficient and denied the motion. On

the order of the attorney for plaintiff in the action and upon his filing an affidavit of appellant's "general appearance," her default was entered. The manner of her appearance was alleged to be her giving and serving upon the attorney for the plaintiff notice of her motion for the setting aside of the levy and her appearance in court in support of the motion. The court subsequently rendered judgment against her, which was duly entered. There also appears to have been attached to the complaint in the action a memorandum by the clerk, reciting that the defendant had been regularly served with process, and had failed to appear and that her default, therefore, had been entered. The summons does not appear to have been included in the judgment-roll.

What constitutes an appearance in an action in this state was very recently considered by the supreme court in *Davenport* v. *Superior Court of Imperial County,* 183 Cal. 506, [191 Pac. 911], in which the court said: "An act of a defendant by which he intentionally submits himself to the jurisdiction of the court in that action for the purpose of obtaining any ruling or order of the court going to the merits of the case, as, for example, a motion to strike out part of the complaint, or the making of stipulations, as in the cases above mentioned, which may reasonably be construed to imply that the court has, in that action, acquired jurisdiction of the person of the defendant, will be equivalent to an appearance, although not strictly in accordance with the terms of section 1014" (Code Civ. Proc.). But, whether or not the facts thus far established in this case constituted an appearance by this appellant, as defendant in the former action, of such general character as to warrant the entry of her default therein, becomes a wholly immaterial question in the face of a recital in the judgment which followed, to the effect that the defendant "appeared generally, and having failed to demur or answer to plaintiff's complaint, the legal time for answering having expired, and no answer or demurrer having been filed, the default of the defendant was duly entered according to law." There is absolutely nothing in the record, either in the judgment-roll of the former action or in the other evidence contained in the present bill of exceptions, to contradict this recital. Appellant merely relies upon her contention that the affidavit of her appearance in connection with the

motion to set aside the attachment is not sufficient evidence to warrant the court in now saying that she appeared generally in the other action. But a general appearance in an action can be made in any number of ways. (*Davenport* v. *Superior Court, supra.*) How it was made in the instant case, and what proof was made of the fact, assuming for the purpose of argument only that the facts appearing were not sufficient, does not appear and is immaterial. It has long been the rule in this state that in such cases, if the proof of service of process or of an appearance in an action is on its face incomplete, yet the court in its judgment states that service was complete or the appearance sufficient, "it will be presumed that other proof than that contained in the judgment-roll was made, for not to so presume would be to deny to the record that absolute verity which must be accorded to it." (*Hahn* v. *Kelly,* 34 Cal. 391, 408, 419, 420, [94 Am. Dec. 742], the leading case on the subject in this jurisdiction.)

After the judgment was docketed the plaintiff in the former action took certain steps looking to an appraisement of the property of the appellant, claimed by her as a homestead. She appeared in open court by the attorney who had previously represented her in the attachment proceedings, and resisted the application for the appointment of appraisers, which was denied. Subsequently, she made and pressed a motion to vacate and set aside the sale of lot 10, one of the lots in question here, which had been sold under execution, upon the ground that the property was a portion of her homestead. The court granted this motion. The respondent here claims that by taking these steps appellant subjected herself to the jurisdiction of the court as effectually as if she had previously appeared, and that these steps after judgment constituted a general appearance on her part in the action, citing *Security etc. Co.* v. *Boston etc. Co.,* 126 Cal. 418, [58 Pac. 941, 59 Pac. 296]. We are not inclined to agree with respondent in this regard, but in view of what we have already said, that question is also immaterial.

Part of appellant's argument in this court is predicated upon a claim now advanced that the property affected by the lien of the judgment in the former action is a homestead. The pleadings are silent upon that matter; there is

no finding upon the subject of the homestead, and that there was a homestead claimed by appellant appears only incidentally in the bill of exceptions. It was only made an issue in the former action in connection with the attachment and the execution sale. If there be any merit in appellant's contention that, ''even if valid, the judgment was not a lien on the premises'' because entered after the recordation of the homestead, we are unable to pass upon the question for the declaration of homestead is not before us.

The parties stipulated as to the title of three of the lots owned by appellant, but refused to stipulate as to lot 10, which was the portion of the property sold on execution following judgment in the former action, which sale was subsequently set aside. Following the stipulation the court found the plaintiff to be the owner of three lots and as to said lot 10 expressly refused to make a finding, apparently being of the opinion (we can only judge from the context of the record) that the necessary parties were not before it for a complete adjudication on that point. We are of the opinion that the court's failure to find upon this issue, although it was made by the pleadings, does not amount to reversible error, for, as the record determines, as between appellant and respondent, respondent was entitled to the lien of his prior judgment. The conclusion and judgment of the lower court would have been the same even though it had found plaintiff to be the owner of said lot 10.

[2] The decision of this case is justified by the findings of the trial court. For another reason appellant should not be allowed to recover in this action. She brings this suit in equity to remove the cloud of a judgment rendered against her in an action brought to recover upon a promissory note, and the statute of limitations appears to have run against the original obligation. Equity will not set aside a judgment merely upon the ground of some irregularity or defect of service of process upon the defendant unless there is presented some ground for equitable relief. Plaintiff's complaint negatives her right to recover. She has pleaded the existence of the judgment, but there is a complete absence of averment or of proof that plaintiff had any defense on the merits to the action brought by respondent, or that the judgment was not in fact just. With-

out regard to other points made, this alone is a complete obstacle to the granting of equitable relief. (*Matson* v. *John Batto & Sons*, 173 Cal. 800, 801, [161 Pac. 1144]; *Bell* v. *Thompson*, 147 Cal. 689, 693, [82 Pac. 327]; *Parsons* v. *Weis*, 144 Cal. 410, 416, [77 Pac. 1007].)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1921.

All the Justices concurred.