[Civ. No. 7573. First Appellate District, Division One.—December 13, 1930.]

ASSOCIATED OIL COMPANY (a Corporation), Appellant, v. FRANK D. MULLIN et al., Respondents.

William E. Gearhart, Bernard B. Stimmel and Ralph C. Hesthal for Appellant.

Edmund J. Holl for Respondents.

THE COURT.—An appeal by the plaintiff from an order quashing an execution.

On September 15, 1925, the above-entitled action was commenced in the Superior Court in and for the City and County of San Francisco to recover for goods, wares and merchandise alleged to have been sold for an agreed price. The complaint was in two counts, and a demurrer thereto, alleging as to each count that the same failed to state facts sufficient to constitute a cause of action, was filed by an attorney on behalf of the defendants. The demurrer was overruled and time allowed to answer. On July 9, 1927, an answer was filed by defendant Mullin, denying the allegations of the complaint and particularly that the defendants at any of the times mentioned therein were doing business under the name and style alleged. On September 29, 1927, a default judgment was entered against defendant Hyland and Hyland & Mullin Drayage Company, reciting that these defendants had failed to answer the complaint within the time stipulated between the counsel for the respective parties. On July 9, 1928, a judgment was entered against defendant Mullin, reciting that he had failed to appear at the trial of the action. Subsequently, on motion, this judgment was set aside, and the action as between plaintiff and Mullin was tried, resulting in a judgment of nonsuit being entered in favor of the latter. This judgment, as well as that entered against the other defendants, has become final.

On May 20, 1930, execution was issued on the judgment last mentioned, reciting that a judgment against defendants F. W. Hyland and Hyland & Mullin Drayage Company had been entered and directing the sheriff to satisfy the same

out of the property of the judgment debtors. The sheriff levied upon certain real property, the notice filed reciting that he had levied on "all the right, title and interest and equity therein belonging to Frank D. Mullin, the therein named defendant, or to which he may be entitled". Respondent Mullin thereupon served upon the plaintiff and filed in the action a notice of motion for an order quashing the issuance and levy of the writ, the ground for the motion being that the execution "was illegally, wrongfully, unlawfully and improperly issued". After a hearing the order appealed from was entered.

It is not contended that the judgment upon which the execution issued was void as to defendant Hyland, but only as respects the association, and this for the reason that while the association as such was joined as a party, no cause of action save as against the individuals Mullin and Hyland was stated in the complaint.

█ The general rule applicable to a judgment rendered by a court having jurisdiction of the parties and subject matter is that unless reversed or annulled it is not open to contradiction or impeachment with respect to its validity or binding effect by parties or privies in any collateral proceeding (34 C. J., Judgments, sec. 815, p. 511; *Rowley* v. *Howard*, 23 Cal. 401). A void judgment, however, may be collaterally attacked either by the parties or by strangers (*Estate of Pusey*, 180 Cal. 368 [181 Pac. 648]). █ With respect to parties and privies such an attack is ordinarily limited to cases where the judgment is void on its face (15 Cal. Jur., Judgments, sec. 142, p. 56; *Emery* v. *Kipp*, 154 Cal. 83 [129 Am. St. Rep. 141, 16 Ann. Cas. 792, 19 L. R. A. (N. S.) 982, 97 Pac. 17]; *Estate of McNeill*, 155 Cal. 333 [100 Pac. 1086]). A stranger, however, whose rights would be prejudiced by its enforcement is not bound by this limitation, but may attack a judgment for fraud or collusion (34 C. J., Judgments, sec. 832, p. 526; *Hackett* v. *Manlove*, 14 Cal. 85; *Bennett* v. *Wilson*, 133 Cal. 379 [85 Am. St. Rep. 207, 65 Pac. 880]). █ But neither the parties, their privies nor strangers can attack a judgment of a domestic court of record on jurisdictional grounds unless the want of jurisdiction appears on the face of the record (15 Cal. Jur., Judgments, sec. 834, pp. 528, 529; *Bennett* v. *Wilson, supra*), and section 1916 of the Code of Civil Procedure

does not change the rule (*Hill* v. *City Cab etc. Co.,* 79 Cal. 188 [21 Pac. 728]). Nor can they object to it on account of mere errors or irregularities (*Cloud* v. *El Dorado,* 12 Cal. 128 [73 Am. Dec. 526]; *Hall* v. *Brittain,* 171 Cal. 424 [153 Pac. 906]).

The Hyland & Mullin Drayage Company was joined as a party to the action, and the judgment recited that both the concern and defendant Hyland appeared therein by demurrer; and such a recital, in the absence of anything in the record contradicting it, has been held to be conclusive (*Hahn* v. *Kelly,* 34 Cal. 391 [94 Am. Dec. 742]; *Hickey* v. *Algil,* 51 Cal. App. 595 [197 Pac. 359]). The authority of the attorney who appeared for these defendants must also be presumed (*Title Ins. etc. Co.* v. *California Development Co.,* 168 Cal. 397 [143 Pac. 723]).

The complaint alleged that the individual defendants Hyland and Mullin were doing business under the name of Hyland & Mullin Drayage Company; also that the merchandise in question was sold and delivered to the defendants. While the pleading was uncertain and ambiguous with respect to the parties to whom the sale was made, this objection was not raised; and the complaint having stated a cause of action the joint demurrer filed was properly overruled (*Asevado* v. *Orr,* 100 Cal. 293 [34 Pac. 777]).

It is essential to jurisdiction that there be some proper application invoking the judicial power of the court in respect to the matters sought to be litigated (*Young* v. *Rosenbaum,* 39 Cal. 646; *Tinn* v. *United States District Attorney,* 148 Cal. 773 [113 Am. St. Rep. 354, 84 Pac. 152]); but if a complaint shows a subject matter and a demand for relief within the jurisdiction of the court the mere fact that it fails to state a cause of action does not render the judgment void and subject to collateral attack (*Gillespie* v. *Fender,* 180 Cal. 202 [180 Pac. 332]); or, as the rule is stated in *Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27], a judgment is not void if the court has jurisdiction of the parties and subject matter, irrespective of whether the complaint states a cause of action or not, so long as it apprises the defendant of the nature of plaintiff's demand. This rule applies both to contested cases (*Le Mesnager* v. *Variel,* 144 Cal. 463 [103 Am. St. Rep. 91, 77 Pac. 988]), and to default judgments in other respects valid

(*Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341 [146 Pac. 880] ; *Christerson* v. *French, supra*). It has also been held that a judgment rendered against a person who has voluntarily appeared in the action as a defendant is not void so as to be collaterally assailable, although his name was not inserted in the complaint and no order granting leave to appear and answer is contained in the record (*Tyrrell* v. *Baldwin*, 67 Cal. 1 [6 Pac. 867]).

In this connection respondent cites several cases in support of his contention that the judgment entered against the association was void; but an examination thereof shows that there was either a nonjoinder of the association as a defendant in both the caption and body of the complaint, or that the pleading was attacked on appeal for failure to state a cause of action against the association.

Measured by the above rules the judgment against the Drayage Company was not void on its face, and there is no contention that the same was procured by fraud or collusion. Section 388 of the Code of Civil Procedure provides: "When two or more persons associated in any business transact such business under a common name, whether it comprises the names of such persons or not the associates may be sued by such common name, the summons in such cases being served on one or more of the associates, and the judgment in the action shall bind the joint property of all the associates and the individual property of the party or parties served with process in the same manner as if all had been named defendants and had been ·sued upon their joint liability." Respondent Mullin denied that he was a member of the Drayage Company or liable for the debt, and plaintiff failed to prove these allegations. The resulting nonsuit was a dismissal of the action as to respondent (*San Francisco* v. *Brown*, 153 Cal. 644 [96 Pac. 281]).

While the entry of the order did not affect plaintiff's right to proceed against the others (*Hanna* v. *De Garmo*, 140 Cal. 172 [73 Pac. 830]), respondent thereupon ceased to be a party (9 R. C. L., Dismissal, Discontinuance and Nonsuit, sec. 29, p. 209; *Page* v. *W. W. Chase Co.*, 145 Cal. 578 [79 Pac. 278]), and for all purposes connected with the further proceedings the order had the effect of a final judgment in his favor (*Dowling* v. *Polack*, 18 Cal. 625; *Leese* v. *Sherwood*, 21 Cal. 151; *Hurgren* v.

*Union etc. Ins. Co.,* 141 Cal. 585 [75 Pac. 168]). There was consequently no judgment in the action which bound the individual property of respondent though he was served with process.

Although the court has power to quash an execution inadvertently issued (*Creditors' Adjustment Co.* v. *Newman,* 185 Cal. 509 [197 Pac. 334]), or where the writ is void as lacking statutory and decretal authority for its issuance (*Montgomery* v. *Meyerstein,* 195 Cal. 37 [231 Pac. 730]), or if the judgment on which it is based is void on its face (*Sanchez* v. *Carriaga,* 31 Cal. 170; *Winrod* v. *Wolters,* 141 Cal. 399 [74 Pac. 1037]), it cannot do so merely upon the ground that the judgment is irregular or erroneous (*Town of Hayward* v. *Pimental,* 107 Cal. 386 [40 Pac. 545]); and it is the general rule that none but the parties to the action who are liable to be injured can move for recall of the writ (23 C. J., Executions, sec. 426, p. 541) unless the judgment upon which it issued or the writ is void on its face. In such cases it has been held that subsequent purchasers, lienholders and execution and judgment creditors may so move (23 C. J., Executions, sec. 426, p. 542, and cases cited; *Dorland* v. *Smith,* 93 Cal. 120 [28 Pac. 812]; *Montgomery* v. *Meyerstein, supra*). In the present case, however, the judgment is valid upon its face, and the execution issued thereon was regular in form. Under such circumstances it is well settled that the court has no power to vacate an execution for the omissions or acts of the sheriff after the writ has duly come into his hands (23 C. J., Executions, sec. 424, p. 540). Hence it has been held that a levy upon property exempt from execution is not a reason for recalling the writ (*Roth* v. *Insley,* 86 Cal. 134 [24 Pac. 853]); nor can the levy be quashed on the ground that the judgment debtor has no interest in the property levied upon, as strangers to the action have means provided by law for protecting their rights (23 C. J., Executions, sec. 285, p. 470; Bancroft Code Practice and Remedies, sec. 1999, p. 2630).

As stated, the action was dismissed as to respondent. Consequently he was not a party to the judgment, nor was his property bound thereby, and the sheriff was not directed by the writ to satisfy the judgment from his property, but from that of the judgment debtors. Under these

facts neither the judgment nor the proceedings thereunder would affect his rights or cast a cloud upon his title (*Archbishop of San Francisco* v. *Shipman*, 69 Cal. 586, 590 [11 Pac. 343]; *Russ & Sons Co.* v. *Crichton*, 117 Cal. 695 [49 Pac. 1043]; *Brum* v. *Ivins*, 154 Cal. 17, 21 [129 Am. St. Rep. 137, 96 Pac. 876]).

It is our conclusion from the facts that there was no ground for the recall of the execution and that the order was erroneous.

The order is, accordingly, reversed.