Judgment and order denying motion for new trial affirmed.

MYRICK, J., concurred.

THORNTON, J., concurred in the judgment.

───────────

[No. 6,873.—Department No. 2.]

## LOS ANGELES WATER CO. *v.* LOS ANGELES CITY.

CONSTRUCTION OF CONTRACT—WATER COMPANY—SPRINKLING OF STREETS.— In a lease of the Los Angeles Water Works, by the defendant to the plaintiff, it was provided that the plaintiff should not dispose of water for purposes of irrigation, but should only take from the river the water necessary for domestic purposes. The defendant took water from the plaintiff's pipes for the purpose of sprinkling the streets of the city; but, while this was done, the plaintiff had on hand of the waters of Los Angeles River more than sufficient for supplying the inhabitants of the city with water for domestic purposes. In an action by the plaintiff to recover from the defendant the value of the water taken, *held*, that the plaintiff was only entitled to receive pay for water furnished to the inhabitants of the city for domestic purposes, and that it had no right to the surplus.

APPEAL from a judgment for the defendant, in the Seventeenth District Court, County of Los Angeles. McNEALY, J.

The facts are stated in the opinion.

*Brunson & Wells*, and *Thom & Stephens*, for Appellants.

*John F. Godfrey*, for Respondent.

SHARPSTEIN, J.:

This is an appeal from a judgment rendered in favor of the defendant, in an action brought to recover $2,500 for water al-

leged to have been furnished by the plaintiff to the defendant for sprinkling its streets.

The defendant leased the Los Angeles Water Works to the plaintiff, "for the sale or delivery of water to the inhabitants of said city for domestic purposes," upon certain conditions, which it agreed to perform. The defendant agreed to lay down pipes of sufficient capacity to supply the inhabitants of the city with water for domestic purposes, and, within two years after the date of the contract, to erect such machinery in connection with the water-works as would secure to the inhabitants of said city a constant supply of water for domestic purposes. The plaintiff further agreed to furnish water for the public schools, city hospitals, and jails, free of charge. And said contract contained the following proviso and stipulation: "Provided always, that the rights and privileges by these presents conceded to said parties of the second part do not embrace to any extent, or have any reference to, the water-works of said city, used for the distribution of water for the purpose of irrigation, or to affect in any manner any rights of irrigation, either existing at present, or which may exist hereafter, except as to the ten inches of water as hereinbefore provided. And it is expressly stipulated and covenanted that said parties of the second part shall not dispose of any water for the purposes of irrigation, but shall only take from said river the water necessary for domestic purposes, as above specified."

Upon the points directly involved in this action the Court found:

"That defendant, from the 1st day of May, 1877, to the 24th day of August, 1878, at various times had taken water from plaintiff's pipes, and had taken the same, without plaintiff's consent, for sprinkling the streets of said city; and that during said time no water has been furnished by plaintiff or used by defendant for that purpose that was not indispensable to said city for sprinkling and watering said streets."

"That no price or rate has been fixed by the City of Los Angeles, or by any other party or persons, for the sale of said water, save the rates fixed by the plaintiff itself, and for its own benefit."

"That on the 1st day of March, 1877, the Council of the

City of Los Angeles duly made, and regularly passed, a resolution providing that the Board of Health of said city should see that certain streets of said city should be properly sprinkled, and kept free from dust; and that since the passage of said resolution, under the direction of said Board of Health, parties contracting with the city have sprinkled the streets of said city, without interference on the part of the plaintiff, until the 24th day of August, 1878."

" That at all times said plaintiff has had on hand of the waters of the Los Angeles River, without objection on the part of the defendant, water more than was sufficient to supply all the inhabitants of said city using the same for domestic purposes, and for the sprinkling of the streets, flushing the sewers, and watering the parks and plazas of said city, and to carry out said contract of 1868; and thereupon the agents of said city took and used the same as needed by said city and its inhabitants for sprinkling said streets.

" The defendant has, from time to time, since the 1st day of May, 1877, taken and consumed of the said water from plaintiff's pipes, for the purpose of sprinkling the streets of said city, to the extent and of the value, according to the rates established by plaintiff, of two thousand two hundred and fifty dollars in United States gold coin."

As we interpret the contract of the parties, the plaintiff is only entitled to receive pay for water furnished to the inhabitants of Los Angeles for domestic purposes. The stipulation is, not to dispose of any water for the purposes of irrigation, or to take from the river any more water than was required for domestic purposes. From the findings of the Court, it appears that the plaintiff did take more than was necessary for domestic purposes, and that the surplus was sufficient for sprinkling the streets. The plaintiff had no right to that surplus, much less any right to dispose of it. We think that all the water above the amount required by the inhabitants for domestic purposes, belonged to the defendant; and that it had a right to appropriate it to its own use under the contract. Water taken for sprinkling the streets was water taken for the purposes of irrigation, within the primary definition of that word, and the plaintiff

expressly agreed not to dispose of any water for that purpose. The judgment of the Court below must be affirmed.

Judgment affirmed.

MYRICK, J., and THORNTON, J., concurred.