[No. 13596. In Bank. — October 2, 1890.]

JOHN ROTH, RESPONDENT, *v.* GEORGE T. INSLEY ET AL., APPELLANTS.

HOMESTEAD — EXEMPTION FROM EXECUTION — DISSOLUTION OF FAMILY. — Under section 1265 of the Civil Code as amended in 1880, providing that a homestead once declared upon remains as such always exempt from forced sale as against any liability of the owner, except as otherwise provided, a homestead set apart under section 1261, subdivision 6, of the Civil Code, by a son, with whom his mother resided under his care and maintenance, does not cease to be exempt from execution for a debt of the son, because he has ceased to be the head of a family, owing to the death of the mother.

ID. — INJUNCTION — ENJOINING SALE OF HOMESTEAD — CLOUD ON TITLE. — The sale of a homestead under execution for a debt for which the homestead is exempt, though void under the statute, casts a cloud upon the title to the property, and the owner is entitled to have the sale enjoined, as it would be necessary, in an action of ejectment by the purchaser under the execution sale, for the owner to introduce extrinsic evidence to show that the execution sale, valid on its face and under a valid judgment against him, did not pass title to the property.

ID. — THREATENED IRREPARABLE INJURY. — A complaint setting out facts showing that a cloud upon the title to property was threatened by an execution sale of plaintiff's homestead, and would be accomplished unless an injunction issued, sets up facts showing threatened irreparable injury, for which an injunction will be granted.

ID. — RECALLING EXECUTION — REMEDY BY MOTION. — An execution levied by a constable upon a homestead, but which could have been levied upon other property of the defendant if he had any, cannot be recalled upon motion of the defendant, and an injunction will not be refused to restrain the sale of the homestead, upon the ground that a remedy by motion exists.

APPEAL from an order of the Superior Court of Orange County refusing to dissolve an injunction.

The facts are stated in the opinion.

*C. C. Hamilton,* for Appellants.

The death of the mother of the plaintiff terminated the homestead privilege, and left the property subject to levy and sale under execution. Maintenance and care are the conditions required by the statute to make a son the head of a family, because of the residing with him of his mother. (Civ. Code, sec. 1261.) Upon equally strong grounds, it must appear that when the period of such care has in fact been terminated, either by death or mutual withdrawal, the conditions upon which the homestead had been based are no longer present, and it follows that the homestead no longer exists. (*Revalk* v. *Kraemer,* 8 Cal. 73; 68 Am. Dec. 304; *Santa Cruz Bank* v. *Cooper,* 56 Cal. 340.) Equity will not interpose where legal relief may be obtained, and as the plaintiff might have had such relief, by motion in the justice's court to recall the execution, injunction will not lie. (*Gregory* v. *Ford,* 14 Cal. 139; 73 Am. Dec. 639; *Tomlinson* v. *Rubio,* 16 Cal. 202; *Comstock* v. *Clemens,* 19 Cal. 80; *Sanchez* v. *Carriaga,* 31 Cal. 172; *Ketchum* v. *Crippen,* 37 Cal. 227; *Murdock* v. *De Vries,* 37 Cal. 528; *Gates* v. *Lane,* 49 Cal. 268; *Ede* v. *Hazen,* 61 Cal. 360; *Luco* v. *Brown,* 73 Cal. 3; 2 Am. St. Rep. 772; *Reagan* v. *Fitzgerald,* 75 Cal. 230.) There are no facts stated in the complaint which tend to show that plaintiff will have suffered irreparable injury. The sale under execution of any land upon which a valid homestead is already existing cannot affect the title. Such a sale would be absolutely void. (*Waggle* v. *Worthy,* 74 Cal. 266.) Being void, such a sale is no injury. The complaint alleges the conclusion that he will be irreparably injured; but such allegation is insufficient and immaterial. The facts should be specifically alleged, from which the court may adjudge the character of the injury, and whether it is or is not irreparable. (*Waldron* v. *Marsh,* 5 Cal. 120; *Burnett* v. *Whitesides,* 13 Cal. 156; *Branch Turnpike Co.* v. *Supervisors of Yuba County,* 13 Cal. 190; *Tomlinson* v. *Rubio,*

16 Cal. 206; *Real etc. M. Co.* v. *Pond M. Co.*, 23 Cal. 84; *Leach* v. *Day*, 27 Cal. 644; *Mechanics' Foundry* v. *Ryall*, 62 Cal. 416.)

*Ray Billingsley*, for Respondent.

The complaint is sufficient to sustain the issuance of the temporary writ, and contains allegations showing that the homestead was actually subsisting upon the premises in controversy at the time of the issue and levy of the execution. The declaration of homestead does not purport to state the fact or facts constituting plaintiff the head of a family, nor is it necessary that it should do so. (Civ. Code, sec. 1263, subd. 1; *Ham* v. *Santa Rosa Bank*, 62 Cal. 135; 45 Am. Rep. 654; *Jones* v. *Waddy*, 66 Cal. 457.) It is immaterial whether plaintiff continued to be the head of a family, or that his mother is not living, or does not reside with him. From and after the time the declaration is filed for record the premises therein described constitute a homestead. (Civ. Code, sec. 1265.) Sufficient relief by motion in the lower court could not have been obtained, and therefore equity will interpose. Equity may lend its extraordinary aid by injunction, notwithstanding the existence of a remedy at law, unless it is shown that it is as practical and efficient to secure the ends of justice and its proper and prompt administration as is the remedy in equity. (High on Injunctions, 2d ed., p. 26, sec. 30, and authorities cited in foot-note.) Even though the attempted execution sale of a homesteod under a judgment which cannot be enforced against it is void, such sale would cloud the title. (*Englund* v. *Lewis*, 25 Cal. 337.) Equity will prevent, as well as remove, clouds upon title, and a sale of real estate under execution, which will not at law confer any title on the purchaser, and whose only effect will be to cast a cloud upon the title, will be enjoined. (High on Injunctions, 2d ed., sec. 248, and cases in foot-note; *Shattuck* v. *Carson*, 2 Cal. 588; *Guy* v. *Hermance*,

5 Cal. 73; 63 Am. Dec. 85; *Pixley* v. *Huggins*, 15 Cal. 127; *Fulton* v. *Hanlow*, 20 Cal. 450; *Porter* v. *Pico*, 55 Cal. 166.) Even a void execution sale of plaintiff's homestead would have worked an injury and cast a cloud upon the title, unless the proceedings resulting in such sale were void upon their face, and required no extrinsic evidence to disclose their illegality. (*Cohen* v. *Sharp*, 44 Cal. 29.) The sheriff will be enjoined from a sale of the homestead on an execution issued on a judgment docketed after a declaration of homestead is filed and recorded. (*Culver* v. *Rogers*, 28 Cal. 521.)

FOOTE, C.—This appeal is taken from an order refusing to dissolve an injunction. The defendants had caused an execution to be levied upon the homestead of the plaintiff, issued under a judgment obtained against him in a justice's court by one H. C. Howard. It is charged in the complaint that the defendant Insley, as constable, has levied upon the property, and is about to sell it under execution, and that the defendant Montgomery applied to the justice of the peace and had the execution issued without authority; that Insley has been duly notified that the property he has levied upon and advertised for sale is the homestead of the plaintiff, and exempt from execution; but that nevertheless the defendants are about to, and unless restrained by the superior court " will, sell plaintiff's said homestead property at forced sale to satisfy said judgment." It is further stated that the sale contemplated would cast a cloud upon the plaintiff's title to the property, and " would irreparably injure and disturb plaintiff in the quiet enjoyment of said premises, and that plaintiff has no speedy and adequate remedy at law."

The court below granted a temporary injunction as prayed for. A motion was then made to dissolve said injunction; upon that motion, which, as we have seen, was denied, an affidavit was read that the plaintiff's

mother died on the 18th of July, 1889.  It was urged by the appellants here that since the declaration of homestead showed that the plaintiff had declared a homestead upon the property as the head of a family, because his mother was then residing with him on the property, under his care and maintenance, he was such " head of a family," in contemplation of law, only during the lifetime of his mother, who thus resided with him, and was maintained and cared for by him, and that, at her death, the right to the exemption of the homestead from forced sale ceased, and that it became liable as any other property of the plaintiff.

Conceding that, taking the complaint and declaration of homestead together, it appears that the only claim to be the head of a family which the plaintiff ever had was as a son with whom his mother resided on the property, and under his care and maintenance, under section 1261, subdivision 3, of the Civil Code, it appears to us that, under the statute governing the present matter, and hereafter cited, the homestead levied upon was exempt from the sale about to be enforced against it.

The decisions in *Revalk* v. *Kraemer,* 8 Cal. 73, 68 Am. Dec. 304, and *Santa Cruz Bank* v. *Cooper,* 56 Cal. 340, cited by the appellant in support of his contention, are not in point.  At the time they were made, section 1265 of the Civil Code, as amended in 1880, was not the law. That section, at the time the declaration of homestead under consideration was made, read and now reads: " From and after the time the declaration is filed for record, the premises therein described constitute a homestead.  If the selection was made by a married person from the community property, the land, on the death of either of the spouses, vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this title; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devi-

sees, subject to the power of the superior court to assign
the same for a limited period to the family of the dece-
dent; but in no case shall it be held liable for the debts
of the owner except as provided in this title."

There is no question raised here that the property was
not a homestead, or that it was liable ₁or any debt of
the owner at the time it was declared, or that he was not
the head of a family, and entitled to it as a homestead
exempt from forced sale for any such debt as that on
which the execution in this instance is founded; but the
contention is that it became liable, after the death of his
mother, to be sold under execution, as any other prop-
erty of the plaintiff might be liable for any of his debts.
Under the plain language of the statute just quoted, it
would appear that when the homestead was once de-
clared, it remained as such, always exempt from forced
sale as against any liability of the owner, except as pro-
vided in the provisions of the title of which it was a
part. And as the debt here was not one for which, under
that title, the property was liable, it must follow that the
attempt to sell the property was forbidden by law, and a
sale could vest no title in the purchaser.

But it is further urged that if such be the law the
plaintiff was not entitled to an injunction, since no cloud
would be cast upon his title by the sale, and hence no
irreparable injury could result. The authorities do not
sustain this view of the matter; for if the sale under
execution had taken place, and a deed to the purchaser
been made, and all other proceedings in the matter were
valid, and an action in ejectment had been brought by
the appellants to recover from the plaintiff the posses-
sion of the property, the proceedings and muniments of
title which the plaintiffs in that action would produce
would not show on the face thereof that such plaintiffs
had no title to the property. It would be necessary, in
order to defeat their action, that the defendant there,
respondent here, should introduce extrinsic evidence to

defeat the action; that is, he would be obliged to introduce the declaration of homestead, so as to show that an execution sale, valid on its face, and under a valid judgment against him, was not good to pass title to the property levied upon, which by the record was shown to be vested in·him, it is true, but not subject to this debt, because it was a homestead duly and legally declared, and not abandoned.   The authorities seem to assert, where such necessity might exist of the introduction in an action of ejectment of such extrinsic evidence, that a sale as here proposed would cast a cloud upon the title to the property, and entitle the owner to have it enjoined, as was done it the present instance. (*Pixley* v. *Huggins*, 15 Cal. 127; *Culver* v. *Rogers*, 28 Cal. 527; *Cohen* v. *Sharp*, 44 Cal. 29; *Porter* v. *Pico*, 55 Cal. 176.)

The appellants claim further error in that they urge that respondent could have applied to the justice of the peace who issued the execution and had the same recalled; hence that no necessity for an injunction existed, and none was proper.   Inasmuch as the record shows that the judgment was valid and binding against the defendant in execution and his property, save that which was exempt as a homestead, and the execution likewise, the court having jurisdiction to render the judgment and issue the execution, we perceive no reason why, at the request of the defendant therein, even if he had made such application, the justice would have been authorized to recall the execution which the constable had levied upon exempt property, but which could have been levied properly upon other property of the defendant if he had chanced to have any.

As to the point made of the insufficiency of the complaint, as setting up facts showing threatened irreparable injury, we perceive no merit in it; as the pleading in question set out the facts showing that a cloud upon the title was threatened, and would be accomplished unless

the injunction issued. We therefore advise that the order be affirmed.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.

BEATTY, C. J., concurring. — I concur in the judgment. The declaration of homestead in this case did not show that the claimant was the head of a family. It merely stated that he was, at the date of the declaration, actually residing on the premises with his mother, and altogether fails to state that she was under his care and maintenance, a condition made essential by the statute. (Civ. Code, sec. 1261, subd. 2.) But it was a good declaration for any person other than the head of a family (Civ. Code, secs. 1266–1269), and sufficient to secure a homestead right of exemption to the extent of one thousand dollars. (Civ. Code, sec. 1260.) Such being the case, the homestead could not be sold under execution upon a judgment other than one of those enumerated in section 1241 of the Civil Code, without taking the steps prescribed in section 1245 et seq. For these reasons the injunction was proper. The question is not necessarily involved in this appeal, and cannot be decided here, but I think it ought not to be intimated that the homestead of the head of a family remains exempt in his hands to any greater extent than one thousand dollars, after he has ceased to be the head of a family.