[Civ. No. 17118.   First Dist., Div. Two.   Mar. 21, 1956.]

GERALD VEST, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; SALLY ASTIKIAN, Real Party in Interest.

Ralph Leon Isaacs, and Albert J. McGuire for Petitioner.

No appearance for Respondents.

John K. Hagopian for Real Party in Interest.

KAUFMAN, J.—Petitioner filed herein a petition for an alternative writ of mandate and thereafter this court issued an alternative writ. A return was thereafter filed and the matter was then duly argued before the court.

On July 22, 1955, petitioner recovered a money judgment against Charles Astikian (Civ. No. 441686) for conversion of personal property. On November 9th following, petitioner caused an execution to be issued on the judgment directed to the sheriff of the city and county of San Francisco, who, pursuant to this writ, levied upon Astikian's interest in certain real property, which at that time stood in the name of his wife, Sally.

Prior to this transaction, on October 2, 1952, Astikian and his wife had jointly declared a homestead upon this property. On July 8, 1955, Sally Astikian filed a divorce action in the Superior Court of San Francisco and on July 25, the court entered an interlocutory judgment of divorce whereby it found that the real property in question was community property and awarded it entirely to the wife.

On the 18th of November, 1955, petitioner filed an application in the superior court for the appointment of appraisers to appraise the homestead, alleging upon information and belief that the property in question was worth $25,000 and that the maximum amount under the homestead declaration was $12,500.

On November 28, Sally Astikian served the petitioner with a notice of motion to set aside and quash the said execution on the grounds that Charles Astikian did not have any right, title or interest in the real property at the time the sheriff

levied the execution. Sally Astikian was not a party to the action instituted by petitioner against Charles Astikian.

On December 1, petitioner's application for the appointment of appraiser to appraise the homestead and respondent's motion to quash and recall the writ of execution were heard together. No one appeared to oppose the application for the appointment of appraisers, but the petitioner offered opposition to the respondent's motion to quash and recall the writ by introducing the file in the divorce action including the interlocutory decree of divorce wherein the court determined that the property in question was community. The motions were submitted and on January 26, 1956, the court made its order granting the motion to set aside and quash the execution but made no formal decree regarding the petitioner's application for appointment of appraisers.

Petitioner contends that this order was made in excess of the jurisdiction of the court and that he does not have a plain, speedy and adequate remedy in the ordinary course of law for although the order is appealable, an appeal will not adequately safeguard his interests.

Petitioner contends that the trial court abused its discretion in quashing the writ of execution. �In It is the general rule that none but the parties to the action who are liable to be injured can move for recall of the writ (23 C.J., Executions, § 426, p. 541) unless the judgment upon which it issued or the writ is void on its face. In such cases it has been held that subsequent purchasers, lienholders and execution and judgment creditors may so move (23 C.J., Executions, § 426, p. 542, and cases cited; *Dorland* v. *Smith,* 93 Cal. 120 [28 P. 812]; *Montgomery* v. *Meyerstein,* 195 Cal. 37 [231 P. 730]). ▍ In the present case, however, the judgment is valid upon its face, and the execution issued thereon was regular in form. Under such circumstances it is well settled that the court has no power to vacate an execution for the omissions or acts of the sheriff after the writ has duly come into his hands (23 C.J., Executions, § 424, p. 540). Hence it has been held that a levy upon property exempt from execution is not a reason for recalling the writ (*Roth* v. *Insley,* 86 Cal. 134 [24 P. 853]); nor can the levy be quashed on the ground that the judgment debtor has no interest in the property levied upon, as strangers to the action have means provided by law for protecting their rights (23 C.J., Executions, § 285, p. 470; Bancroft Code Practice and

Remedies, § 1999, p. 2630.) (*Associated Oil Co.* v. *Mullin,* 110 Cal.App. 385, 392 [294 P. 421]; *Roth* v. *Insley,* 86 Cal. 134 [24 P. 853]; 11 Cal.Jur. §§ 58, 64.)

Petitioner further contends that the real property which is held under the execution, being the community property of Charles and Sally Astikian, is liable for the debts of the husband.

Under the interlocutory decree of divorce entered on July 25, 1955, the court awarded all the community property of the spouses to the wife (the grounds for divorce being the extreme mental cruelty of the husband) and found that the real property in question was community. Petitioner maintains that since the cause of action accrued during marriage and judgment was entered in his conversion action prior to the interlocutory decree, it was a debt chargeable to community property and the wife took such property subject to all burdens for community debts.

In *Bank of America* v. *Mantz,* 4 Cal.2d 322 [49 P.2d 279], a husband and wife entered into a property settlement agreement prior to divorce whereby each spouse acknowledged ownership by the other of a one-half interest in certain real property, title to which had been taken by the spouses in a deed describing them as joint tenants. In the divorce action which ensued the court affirmed the property settlement. Slightly more than a year later, the wife brought a supplemental action to impeach the settlement and to have the divorce amended. The court determined that the property in question was community property as regards the half which the husband had been awarded and accordingly awarded the wife that half interest. The husband thereafter deeded this interest to his wife and the divorce was made final on January 7, 1931. Meanwhile the husband had been falling into financial difficulties and a creditor secured judgment against him upon a defaulted guaranty, and then brought an action in equity to have the court declare that the one-half interest in the realty which had been awarded the wife as her share of community property should be available for the payment of the husband's debt. The court said at page 326:

"The basis of this plea is that by the judgment and decree in said supplementary action and by the final decree of divorce, the half interest in the property became and is community property of the Gormans; that as against the debtor or his judgment creditor, she must take the property *cum onere.*

"We see no escape from the binding efficacy of this contention. Upon no other hypothesis could respondent wife have received it under said decree. Separate property cannot be awarded in a divorce action. (Civ. Code, § 157; *Allen* v. *Allen*, 159 Cal. 197 [113 P. 160].) This is true in spite of the findings and judgment of the trial court that said property was separate property of Gorman and is now the separate property of respondent. In other words, it is quite true that but for said adjudication, invited by respondent, the evidence would amply support the conclusion of the trial court that originally it was the husband's separate property. But if it were his separate property, appellant would have the right to subject it to payment of its judgment unless the property, prior to lien of the judgment, had been conveyed to another, and even in that event, appellant could still follow it until it reached the hands of a *bona fide* purchaser or encumbrancer for value."

Although petitioner in this case seeks to satisfy a judgment which arose out of a tort action, this will not change the rule enunciated above for in *Grolemund* v. *Cafferata,* 17 Cal.2d 679 [111 P.2d 641], the court held that community property was liable for the torts of the husband.

It thus becomes clear from the authorities cited that since this was a judgment arising out of a debt of a husband incurred during marriage, the community property is liable by way of satisfaction and the fact that the court may have awarded it to the wife in a divorce action so that legal title now stands in her name, will not relieve it from the burdens with which it was encumbered at the time of the award.

It is clear that under Civil Code, section 3439.09, the creditor petitioner here had the right to levy execution on the real property set aside to the wife without first bringing a creditor's bill in equity to set aside the decree awarding the real property to the wife. (*Strong* v. *Strong,* 22 Cal.2d 540 [140 P.2d 386].)

Petitioner contends that notwithstanding the exemption from creditors which has been accomplished by homesteading the realty involved in this case, creditors are entitled to levy upon the value of the property over the homestead exemption and to have appraisers appointed for the purpose of determining this excess if there be any. The authorities sustain him. (*Brandon* v. *Faria,* 99 Cal.App. 594, 598 [279 P. 192]; Civ. Code, §§ 1245-1246.)

Although the order quashing the writ of execution is appealable, petitioner may be irreparably damaged unless he is given relief by mandate. Under Code of Civil Procedure, section 688, the lien created by the levy of a writ of execution obtains for only a single year and where a sale is had after the expiration of a year's time from the issuance of the writ, the sale is void. (*Ruddell* v. *Warne*, 73 Cal.App.2d 907, 909 [167 P.2d 811].) There now remains little more than nine months in which to dispose of the appeal and in which to have appraisers appointed to determine what portion of the property is not exempt from execution and petitioner's rights might be lost if this matter is not disposed of timely. Further, it has been held the remedy by appeal is neither speedy nor adequate if the petitioner be required to renew his motion and to present the same question to the same court that had previously decided it. (*La Mar* v. *Superior Court*, 87 Cal. App.2d 126 [196 P.2d 98].)

In view of the foregoing, it is our opinion that a peremptory writ of mandate should issue annulling and setting aside the order quashing the execution and directing the trial court to make an order appointing appraisers as provided for by law to determine whether there is any interest in the homestead property available for the satisfaction of petitioner's claim.

Let a peremptory writ of mandate issue.

Nourse, P. J., and Dooling, J., concurred.