[Civ. No. 6631.   Fourth Dist.   Mar. 12, 1962.]

LUTIE LEA, Plaintiff and Appellant, v. ETHEL STREBE et al., Defendants and Respondents.

Marsh, Moore & Cologne and Richard Marsh for Plaintiff and Appellant.

Thompson & Colegate and F. Gillar Boyd, Jr., for Defendants and Respondents.

SHEPARD, J.—This is an appeal by plaintiff from an order granting a "motion to quash levy of writ of attachment" as to any interest owned by the defendant incompetent ward, George L. Strebe, and his estate.

### FACTS

The facts appearing in the record before us are not in conflict. In general essence they are as follows: On September 25, 1959, Warren F. Strebe was appointed guardian of the estate of George L. Strebe, an incompetent person, and at all times thereafter has remained the duly qualified and acting guardian of said estate. On December 11, 1959, the guardianship proceeding was transferred by court order to the Superior Court of Riverside County. The principal asset of said estate consisted of a business in Palm Springs known as "The Doll House." On March 11, 1960, this action was commenced

naming said incompetent and his guardian as defendants. The action is based on an alleged promissory note in the principal amount of $8,000 signed "Doll House, by Ethel S. Strebe," and dated April 7, 1959. On the same day this action was filed plaintiff filed her undertaking on attachment, secured from the clerk the issuance of a writ of attachment and caused the writ to be levied on said business by the constable of the Palm Springs Judicial District. On March 11, 1960, defendant guardian Warren F. Strebe, respondent herein, deposited with said constable a bond for release of attachment and said attachment was released. On July 15, 1960, respondent guardian gave notice of motion to quash the levy of said writ of attachment. The motion was heard and granted August 5, 1960, in the following language: "The motion to quash attachment as to any interest owned by the Ward, George Strebe, who is under Guardianship, is granted, but otherwise denied." Plaintiff appeals.

Other background facts which do not appear in the record but which are recited in the briefs of the parties with no contradiction show that George and Ethel Strebe, husband and wife on October 16, 1956, were operating said business; that on that date George was adjudicated an incompetent by the Superior Court of Los Angeles County and Ethel was appointed guardian of his estate; that in the guardianship proceedings she listed as an asset an undivided one-half interest in said business; that on March 13, 1958, Ethel filed an action for divorce against George in the Superior Court of Riverside County; that on February 20, 1959, Warren F. Strebe filed in the guardianship proceedings a petition for removal of Ethel as such guardian and that on June 18, 1960, an interlocutory decree of divorce was rendered in favor of Ethel.

The appellant herein contends that Ethel Strebe and George Strebe were copartners in said business and that on the date of her appointment, October 16, 1956, she secured an order authorizing her to continue the operation of said business. It must be noted, however, that the amended complaint, in which those allegations were made for the first time, was not filed until August 12, 1960, some days after the order was made quashing the levy of said writ. The record does not show that the contents of said amended complaint was ever offered to the trial court during the proceedings on the motion to quash. Nothing in the record shows that Ethel ever secured permission of the probate court to sign said note as guardian,

and nothing on the note indicates that she did so sign. (Prob. Code, § 1538.) There is no showing in the record that appellant ever secured or attempted to secure any authority or permission from the probate court to levy said writ on said business. The record does not show that any material of any kind was presented to the trial court in contradiction of the affidavit of said respondent guardian in support of his motion to quash the levy of said writ.

Appellant's notice of appeal designates the order "entered in the above entitled action and court on August 8, 1960." No order of such date appears in the record before us. However, the "notice of entry of order quashing levy of writ of attachment" signed by respondent guardian's attorneys designates August 8, 1960, as the date of entry of the order. Under the liberal construction directed by rule 1(a) of Rules on Appeal, we will assume that the order which shows in the record before us under date of August 5, 1960, is the one from which the appeal is actually taken. Since it appears that that order contained no direction for the preparation of a written order, it must be considered the appealable order in this case. (Rule 2(b)(2), Rules on Appeal.)

### ATTACHMENT OF PROPERTY IN CUSTODIA LEGIS

Appellant on this appeal contends that the court erred in ruling that the property in question, being an estate in guardianship, was not subject to attachment. With this we cannot agree. The general rule that property in the "custody of the law" may not be subjected to the levy of a writ of attachment without the permission of the court exercising such custody is recognized by the majority of the states of the United States. (7 C.J.S. § 88, p. 258.) This rule has been adopted by the Supreme Court in California in guardianship matters. (*McCracken* v. *Lott*, 3 Cal.2d 164 [44 P.2d 355]; *Purinton* v. *Dyson*, 8 Cal.2d 322, 328 [65 P.2d 777, 113 A.L.R. 1230]; 5 Cal.Jur.2d § 38, p. 649.) An exception to this rule is recognized where a specified sum has been set aside for payment to the attachment debtor and nothing remains to be done regarding the court's custody except to pay over such specified amount to said debtor. However, such exception has no application to the facts of the case at bar, for there has here been no adjudication of a specified amount which merely awaits payment to the attachment debtor.

Appellant argues at length at such rule when applied

to a going business operated by a third party in which the ward owns an interest, creates an unreasonable hardship on the creditor and gives the business an unfair advantage over competitors. The question of what might be the result under such assumed facts is not before us, for the record does not show that such a set of facts was presented to the trial court on the motion to quash. What the record does show without contradiction is that the respondent guardian was himself operating the business as such guardian at the time the levy of attachment was made, and that none of the other defendants had any interest therein except as might result from operation of law. No rebuttal or contradictory affidavit was filed.

The probate court was and is fully capable of controlling the activities of the guardian and of compelling the estate to be handled lawfully. The guardian is under bond. There is no reason to suppose that the guardian will disobey the lawful instructions of the probate court in any particular. We are unable to find any merit in plaintiff's argument.

The order appealed from is affirmed.

Griffin, P. J., and Coughlin, J., concurred.