[Civ. No. 24247.   First Dist., Div. Four.   May 10, 1968.]

JOCELYN ROBBINS, Plaintiff and Respondent, v.
ANTONIO G. BUENO, Defendant and Appellant.

Marshall, Kates & Rosen and Lawrence Kates for Defendant and Appellant.

Sidney Bradpiece for Plaintiff and Respondent.

CHRISTIAN, J.—This appeal is from an order which restrained a garnishment of funds in the possession of a receiver where the levy was attempted without the permission

of the trial court, and which enjoined appellant from selling, or causing to be sold, homestead property awarded to respondent by a decree of divorce.

On September 25, 1961, respondent recorded a declaration of homestead under Civil Code section 1238 on a residence at 13425 Cheltenham Drive, Sherman Oaks. On the following day she filed a complaint for divorce against Henry Robbins. The resulting decree of divorce awarded custody of the couple's minor child to respondent; Henry Robbins was ordered to pay $50 per week child support and $75 per week alimony. The court found that the property homesteaded by respondent was separate property of Henry Robbins; it was awarded to respondent for life. In lieu of a grant of specific community property respondent was awarded a money judgment in the amount of $75,000. Henry Robbins' assets were largely outside the State of California. Robbins had already left the state and had demonstrated a contumacious disregard of the court's orders; accordingly, a receiver was appointed to take control of all of Robbins' assets in California in an effort to secure to respondent the payment of support and alimony, to meet the assessments, property taxes, repairs maintenance and insurance premiums on the homestead property, and, if possible, to satisfy the $75,000 money judgment.

After entry of the divorce decree, Henry Robbins confessed judgment in favor of his attorney, Antonio G. Bueno, in the amount of $16,000. Appellant Bueno commenced levy of execution under Civil Code section 1245 et seq., on respondent's homesteaded residence, and procured the appointment of appraisers to ascertain the value of the property. The appraisers valued the property at $42,500. They reported that it was the separate property of Henry Robbins, that the liens and encumbrances on the property amounted to only $1,603.37, and that the property could not be divided without serious damage. Appellant then moved that the homestead be sold and that any proceeds exceeding the $15,000 homestead exemption[1] be applied toward satisfaction of the judgment which Robbins had confessed in appellant's favor.

Thereafter garnishment by way of execution of the same judgment was served on the receiver, who made a return that he had no funds in his possession belonging to Henry Robbins.

[1] Civil Code. section 1260.

Respondent sued to enjoin further efforts by appellant to satisfy his judgment at the expense of the homestead or the receivership. This action was consolidated with the divorce action and the proceeding for sale of the homestead, and an order was ultimately made which included the following terms: (1) appellant was enjoined from serving any writs of execution or garnishment on the receiver without obtaining permission of the court; (2) appellant was enjoined from selling, or causing to be sold, respondent's homestead property.

On appeal it is contended that since the homestead property was the separate property of Henry Robbins, appellant's judgment debtor, it was subject to execution as to its value in excess of the statutory exemption. Appellant also contends that his $16,000 judgment was a judicially created interest in the funds of Henry Robbins, and that the property held in receivership was therefore subject to garnishment.

Civil Code section 146 permits the party to whom a divorce is granted to select a homestead from the separate property of the other spouse. The latter, however, retains title subject to the court's right to assign the property for a limited period. (*Greenlee* v. *Greenlee* (1936) 7 Cal.2d 579, 583 [61 P.2d 1157].) Here the interlocutory decree gave respondent a life interest in the homesteaded property, later appraised at $42,500; but the statute places no limit on the value of the homestead that may be awarded to a wife as the innocent spouse in a divorce action. (*Barham* v. *Barham* (1949) 33 Cal.2d 416, 432 [202 P.2d 289].) Respondent's right to occupy the home, although ordered to continue during her lifetime, is not a life estate. But it does have many of the attributes of a life estate: respondent has a right to the undisturbed possession and enjoyment of the property for life; she is entitled to the exclusive possession for life; she has a right to the fruits of the property; she may pursue whatever legal remedies are provided to protect her interest. The holder of the underlying title has no right to possession or enjoyment while the homestead exists. (*Morrison* v. *Barham* (1960) 184 Cal.App.2d 267, 274-275 [7 Cal.Rptr. 442].)

It is conceded that appellant complied with the statutory prerequisites for execution against a homestead. (Civ. Code, §§ 1245-1260.) The value of the homestead exceeded the statutory exemption by $27,500. Thus, appellant contends, only the order appealed from prevents him from causing the sale of the property to satisfy his $16,000 judgment.

Appellant relies on *Vest* v. *Superior Court* (1956) 140 Cal. App.2d 91 [294 P.2d 988], and *Blue* v. *Superior Court* (1956) 147 Cal.App.2d 278 [305 P.2d 209], as authority for the proposition that the homestead was subject to execution. In *Vest*, husband and wife jointly declared a homestead on their property. Thereafter a third party took a money judgment for community debts, against the husband. In a later interlocutory decree of divorce, the real property was held to be community in character and was awarded to the wife. The judgment creditor then caused a writ of execution to be levied on the interest which the husband formerly held in the real property, which by then stood in the wife's name. The court held that "since this was a judgment arising out of a debt of a husband incurred during marriage, the community property is liable by way of satisfaction and the fact that the court may have awarded it to the wife in a divorce action so that legal title now stands in her name, will not relieve it from the burdens with which it was encumbered at the time of the award." (140 Cal.App.2d at p. 95.) The creditor's levy upon the value of the property in excess of the homestead exemption was upheld. But in *Vest*, unlike the present appeal, the third party's judgment was prior to the divorce decree, and it represented a community debt.

In *Blue* v. *Superior Court, supra,* 147 Cal.App.2d 278, the wife homesteaded certain real property three days before a third party sued the husband to recover on certain promissory notes. After that action had been commenced the husband purportedly conveyed all his interest in the property to the wife. The creditor took judgment against the husband and levied execution on the property. The Court of Appeal held, reversing an order quashing the levy, that no one except a judgment debtor may attack a writ of execution. Moreover a levy cannot be quashed on the ground that the judgment debtor has no interest in the property, and the court may not, in an action pursuant to Civil Code section 1237 et seq., define the interest of the judgment debtor in the homesteaded property levied upon. The purchaser at an execution sale will acquire only such interest in the homesteaded property as the judgment debtor had.

Here Henry Robbins' separate property had been subjected to a valid homestead claim by respondent. That interest would not defeat any creditor whose claim had already attached as a lien upon the property. (Civ. Code, § 1241, subd. 1; *Vest* v. *Superior Court, supra,* 140 Cal.App.2d 91.) Respondent

nevertheless contends that by analogy to a probate homestead (Prob. Code, § 660 et seq.) a homestead which has been set aside to the wife by a divorce decree is not limited to the value which, under the statute creating the exemption, the homestead protects against junior lienors. We do not reach this contention because the receiver appointed for the purpose of satisfying the money judgment included in the divorce decree had taken control of all Robbins' assets within the jurisdiction before the judgment in favor of Bueno could attach as a lien upon the residence. Whether or not the homestead protected the property without limitation as to value, Robbins has a potentially valuable interest in the property : he retains title, and possession may be restored to him upon respondent's death. (*Greenlee* v. *Greenlee, supra,* 7 Cal.2d 579, 583.) That interest is subject to execution in satisfaction of a judgment against Robbins just as any other of his property would be; but the purchaser at an execution sale would acquire only Robbins' rights, subject to respondent's homestead. ██ As stated in *Blue* v. *Superior Court, supra,* 147 Cal.App.2d 278, 283-284, ''A levy cannot be quashed on the grounds that the judgment debtor has no interest in the property levied upon [citation], and the court may not, in a proceeding had pursuant to the provisions of the Civil Code above referred to, define the interest of the judgment debtor in the property levied upon, or turn the proceeding into a plenary suit in equity in the nature of a creditor's bill.'' (147 Cal.App.2d at pp. 283-284.) ██ Hence it might appear that appellant is entitled to levy on Robbins' interest. But that interest, together with all of Robbins' other property which is subject to the court's power, has been put under the control of the receiver appointed by the divorce decree before appellant took his judgment.

That leads us to appellant's contention that he should have been allowed to pursue the attempted garnishment of Robbins' property held by the receiver. ██ Property in the custody of a receiver is generally not subject to garnishment or attachment without the court's consent. (*Adams* v. *Haskell & Woods* (1855) 6 Cal. 113 [65 Am.Dec. 491]; *Estate of Silverman* (1967) 249 Cal.App.2d 180, 185 [57 Cal.Rptr. 379]; *Lea* v. *Strebe* (1962) 201 Cal.App.2d 227, 230 [20 Cal. Rptr. 20]; 2 Clark, Law of Receivers, § 571.) Because the receiver is appointed by the court, he becomes an officer of the court; thus his custody is actually the custody of the court. (See *De Forrest* v. *Coffey* (1908) 154 Cal. 444, 449 [98 P.

27].) But when there has been a final determination that a party has a right to a certain share of the funds held by a receiver, the receiver is subject to garnishment by a creditor of the party so entitled after the court has ordered the receiver to pay. (*Dunsmoor* v. *Furstenfeldt* (1891) 88 Cal. 522, 527-528 [26 P. 518, 22 Am.St.Rep. 331, 12 L.R.A. 508]; *Estate of Silverman, supra,* at p. 185; 1 Clark, Law of Receivers (3d ed. 1959) § 276, p. 435.) ▮▮▮▮ Appellant attempts to bring himself within the *Dunsmoor* rule; but at the time of the attempted garnishment there was no debt owing to Henry Robbins by the receiver which could be subject to garnishment by Robbins' judgment creditor.

If appellant's judgment had become a lien on Robbins' property prior to the lien of the financial provisions of the divorce decree, appellant could not be denied satisfaction notwithstanding the fact that the property to be levied upon is in the custody of the court. (2 Clark, Law of Receivers (3d ed. 1959) § 571, subd. (a), p. 916.) In *Petaluma Sav. Bank* v. *Superior Court* (1896) 111 Cal. 488 [44 P. 777], the petitioner bank obtained a judgment against the husband before the court appointed a receiver in the divorce action. The first judgment became a lien on lands owned by the husband which the receiver was later ordered to seize. The trial court refused permission for the bank to sell the lands. The Supreme Court held that the bank had an absolute right to enforce its prior lien without securing permission from the court. Thus in the present case the receivership would not protect assets against a judgment lien senior to the rights protected by the receivership established by the divorce decree. (111 Cal. at p. 497.) But appellant obtained his judgment after the appointment of the receiver and after the receiver took possession of Henry Robbins' assets. Thus the court was entitled to protect the priority of its judgment, as against the later judgment which Robbins confessed to appellant, by preventing any interference by appellant with any of Robbins' assets held by the receiver. This holding applies to Robbins' interest in the homestead property as well as to his other property in the receivership. That interest is an asset held in receivership, and it is not impossible for circumstances to arise in which the receiver may be able to sell that interest and apply the proceeds toward respondent's unsatisfied judgment.

That is not to say that the court could arbitrarily refuse permission for a junior lienor to seek satisfaction out of receivership assets; the granting or withholding of leave to

sue a receiver or otherwise proceed against assets in his custody lies within the sound discretion of the appointing court. It would be an abuse of discretion to withhold consent in the face of a showing that the receiver held more assets than was reasonably necessary to satisfy the prior judgment. Appellant has not attempted to make such a showing here; indeed it is unlikely that he could do so, as the assets held in receivership do not appear to be adequate to carry out the financial provisions of the divorce decree.

The order is affirmed.

Devine, P. J., and Rattigan, J., concurred.

